## Falkeneau Construction Company v. Patrick Ginley.

### Gen. No. 12,989.

1. JUDICIAL NOTICE—*of what taken.* Judicial notice will be taken of the fact that five o'clock of July 23rd is about two hours before sunset.

2. MASTER—*when not obligated to light building.* There is no obligation upon the part of the owner of a building in process of construction to so light it that his employes may see their own way in going to and from said building or from one place to another therein.

3. SAFE PLACE TO WORK—*when doctrine of, does not apply.* This doctrine does not apply where a building is in course of construction so as to render the master chargeable with negligence where the servant is injured through the incomplete construction of a portion of a building, the servant being chargeable with notice of such incomplete condition.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1906. Reversed. Opinion filed February 7, 1907.

F. J. CANTY and J. C. M. CLOW, for appellant.

B. J. WELLMAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The parties to this appeal will be respectively designated as plaintiff and defendant, the titular description of them in the trial court.

The defendant at the time of the occurrence in question was engaged in constructing a building for the

Western Electric Company at Clinton and Harrison streets, Chicago, and the plaintiff, a laborer in its employ, had been engaged in mixing mortar in the basement of the incompleted structure for several weeks prior to the accident.

The declaration charges a duty upon the defendant to furnish plaintiff a reasonably safe means of access and egress to and from the basement where he was working, and avers that defendant neglected to do so at the time in question by closing and removing all means of egress except by means of an incomplete and partially constructed iron stairway, and that the defendant carelessly and negligently failed to place any steps on the lower half of said iron framework of said stairway for a distance of about ten feet above the floor of the basement, and that defendant knew, or in the exercise of reasonable care should have known, that it would be dangerous and unsafe to ascend the said stairway, and also the defendant knew that plaintiff was at work in said basement, and that he would be required to ascend said stairway at the conclusion of his day's labor. That on the evening of the accident at the completion of his work he started to ascend the said stairway, the only means of egress, and while in the exercise of due care for his own safety, and because of the alleged carelessness and negligence of defendant in removing and closing all other means of egress therefrom and allowing and permitting said iron stairway to remain incompleted and without steps on the same, he was thereby caused to fall on said stairway and did fall with great force and violence down said incomplete stairway a distance of about ten feet, and was bruised, injured and wounded externally and internally, etc., to his damage ten thousand dollars.

To this one count declaration defendant pleaded the general issue. At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, defendant tendered a motion with a suitable instruc-

tion to the court, asking the court to direct the jury to find a verdict for the defendant, which in each instance was refused, and an exception to this action of the court preserved. The trial resulted in a verdict for plaintiff, with damages assessed at the sum of $5,200. Eight days after the rendition of the verdict plaintiff, by leave of court, filed an additional count to the declaration, in substance as to duty and negligence the same as the original count, with this variation of statement of the manner of the happening of the accident, viz., that plaintiff, being unaware of the defective condition of the stairway, and by reason of the negligence charged against defendant, was caused to and did unavoidably slip, trip and fall, and was precipitated through said stairway to and upon the ground or cement floor of the basement, and was injured in manner as in the original declaration averred. On the same day the trial court denied defendant's motions for a new trial and in arrest of judgment, and gave judgment on the verdict, from which judgment defendant prosecutes this appeal, assigning various errors; the principal and controlling errors consisting in the court's refusal to give the peremptory instructions asked, and in the giving, modifying and refusal of certain instructions, and because the evidence fails to show any actionable negligence attributable to defendant.

In considering this appeal it is important to have in mind the fact conceded, that the building in which plaintiff was working and injured was in process of construction and incomplete at the time of the accident; that plaintiff in a measure was charged with notice of its incomplete condition, and bound to order his actions in accordance with the conditions of his known environment; that defendant's duty must also be determined from the necessary condition of the construction work in hand.

Prior to the night of the accident plaintiff had

made his exit from the basement up a ladder through a hole in the sidewalk. On the day in question there seems to have been a plan inaugurated to keep people not having work or business in the structure out of the building, and to admit no one not having a pass. To make this order effective all the outside openings leading to the basement were closed, leaving as the only means of exit from this basement the incompleted skeleton iron structure for a stairway, where the accident befell plaintiff. The fact of the closing of the openings came to the knowledge of plaintiff at the time he quit his day's work and while he was proceeding to find an exit on his way home. There were other men at work in this basement, all of whom ceased their labors at the same time. The basement was dark but for the light of torches, which were extinguished when the workmen quit their work. The passage at the top of the stair opening led to an opening in the wall, in which a door leading into the street was ultimately intended to be placed. There was a small window in the side of the stairway and several openings for windows north of the door. There was no glass in the window openings. The door and window openings faced toward the east. The door opening was six feet wide and ten feet high. The day was July 23rd, the time a little prior to five o'clock. It is a matter of which judicial notice may be taken, that this time was more than two hours prior to sunset, and, in the absence of proof to the contrary, that on a July day at such an hour considerable light would shine through an opening of this size leading into the street. D. & W. Traction Co. v. Marshall, 75 N. E. 824. Several of the workmen preceded plaintiff up this skeleton iron framework to the street opening in safety, and one man at least came after plaintiff without any mishap. The testimony is not harmonious as to just the manner in which plaintiff fell—whether, as alleged in the first count, by slipping on the iron framework, or by mistaking the hole at the top for

something sufficiently substantial on which to stand, fell through to the floor of the basement and was injured. There is proof in the record supporting both accounts. The exact manner of sustaining the injury is not, in our opinion, decisively important, in view of the record and the law governing the rights, duties and obligations of the respective parties. Plaintiff (R. p. 26) testifies that when he got hurt he was going out home and fell down through the stairway; a stone step in the stairway was gone. And again (R. p. 28): The stairs were iron; he was going up them and it was dark; he walked up until he came where he fell down; looked where he was walking, but couldn't see the steps. There was no light in the basement at this time, it was put out; he walked up until he went down the hole. In answer to questions by the trial judge he said (R. p. 42) he stepped upon the edges and slipped and fell; and (at R. p. 80) that he looked and did not see the hole.

The testimony develops that ten or fifteen minutes prior to the accident to plaintiff there were planks over the opening through which he fell, upon which one might step in safety. As to who removed these planks is not disclosed. It does appear, however, that employes of the Western Electric Company were at work in the building, and were seen about the time of the accident in the vicinity of its happening, but whether any of these workmen removed the planks or the workmen of defendant, is left to conjecture. But however this may be, it is evident that the time was not sufficient to charge constructive notice thereof to defendant in the exercise of ordinary care, and there is no proof of actual notice to defendant of their removal before the accident. The skeleton iron structure formed the framework upon which the risers were to be placed in constructing a stairway from the basement to the first floor of the building. The condition was obvious to all coming in contact with it. The

stairway could not be constructed all at once; it must
be done by degrees, in the ordinary way usual in like
construction. Plaintiff was chargeable with notice of
the incomplete stage of the work, and was bound to
exercise such care and diligence required for his safety,
while using it as it then was. So far as the building
of the stairway had progressed it was without fault
or inherent defects; no part of it broke or gave way;
it remained in the same condition after plaintiff fell
as it was when he commenced his ascent of it. The
opening at the top was plainly visible to one who
looked, and it was such an opening necessarily there
to make complete the stairway to the first floor. In
the natural course of the further progress in building,
this hole would be covered in with material intended
to be used for that purpose when finished from the
stair landing. The rule applicable to defendant in
this situation is as stated in vol. 2, Bailey on Per-
sonal Injuries, sec. 3025: "There is no obligation on
the part of the owner of a building in process of con-
struction to so light it that his employes may see their
own way in going to and from said building, or from
one place to another therein." The same rule which
governs the tearing down of a building is equally per-
tinent to one in process of construction. As said in
Western v. O'Donnell, Adm'r., 101 Ill. App. 492:
"The work of tearing down an old building is neces-
sarily attended with danger, and the rule that it is
incumbent upon the master to furnish the servant a
reasonably safe place in which to do his work does not
apply." It is plain that in the construction of a
building there are many dangers to be encountered
until final completion, and the safe place rule, as to
a contractor of construction, does not apply during
the process of building.

The fact that plaintiff says he looked and did not
see the hole is insufficient to support a claim of his
being in the exercise of due care, for, as said in C., P.
& St. L. Ry. v. DeFreitas, 109 Ill. App. 106, "the testi-

Falkeneau Const. Co. v. Ginley.

mony of a witness to that which is physically impossible must be rejected as not in accordance with the truth of the matter, even if not contradicted by the direct testimony of any other witness. If a person looks, he is supposed to look for the purpose of seeing; and if the object is in plain sight, and he apparently looked, but does not see it, it is manifest he does not do what he appears to do. The law will not tolerate the absurdity of allowing a person to testify that he looked but did not see. * * * C. & A. Ry. v. Vreimeister, 112 Ill. App. 346." So with plaintiff here; he will not be heard to say he did look but did not see, especially in light of the fact that several of his co-workers preceded him and looking did see, and seeing did avoid the dangers which that seeing disclosed. C. & N. W. Ry. v. Van Every, 101 Ill. App. 451; Podolski v. Stone, 86 Ill. App. 62.

A case on principle and very similar on the facts to this is Chicago Edison Co. v. Davis, 93 Ill. App. 284. The complaint there, as here, was that the place of the accident was not sufficiently lighted, and that a railing had been removed without notice to the plaintiff, but it was held that no obligation rested on the employer to warn the workmen of dangers surrounding him at the place of his work, these being obvious to one in the exercise of due care, and the judgment recovered by plaintiff in the trial court was reversed.

Many infirmities are pointed out in the instructions given on the part of the plaintiff, and error claimed in the refusal of instructions tendered on behalf of defendant, but in the view we take of this case, it would be superfluous to discuss such errors in this opinion.

The case made by plaintiff does not prove defendant to have been negligent in the manner charged in the declaration.

It is clear plaintiff is not entitled to prevail in his claim for damages. The judgment of the Circuit Court will consequently be reversed.

*Reversed.*