Wells Bros. Company, Plaintiff in Error, v. Edward Manion, Defendant in Error.

Gen. No. 13,711.

1. MASTER AND SERVANT—*shifting conditions as affecting duty to furnish safe place to work.* Mere transitory and temporary conditions interfering with the safety of the place to work, in buildings in process of erection or demolition, do not necessarily render the master liable for injuries resulting therefrom to the workman.

2. MASTER AND SERVANT—*what not necessarily failure to furnish safe place to work.* When a building is in process of construction, an employing owner or contractor, under the general doctrine of his obligation to furnish his employes a safe place to work, is not liable for injuries to one of them caused by his stepping, in broad daylight, on a nail or spike protruding from material, either discarded or to be used, which is lying about.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 6, 1908.

F. J. CANTY, for plaintiff in error; R. J. FOLONIE and GEORGE PFIRSHING, of counsel.

ROBERT L. STEPHENS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment of the Municipal Court which it is sought to reverse by the writ of error here involved, is for $200. It was rendered by the court sitting without a jury against the plaintiff in error, the Wells Bros. Company, in favor of the defendant in error, Manion, for a personal injury suffered by him while in the employ of the said company.

The Wells Bros. Company was the contractor for the construction of the Field Building at the corner of Washington and State streets in Chicago. Manion was a laborer in their employ. His work was in the second basement, two floors below the street level. He and his fellow workmen used a double ladder as a means of getting from the first basement to the first floor when leaving their work. November 15, 1906, at about four o'clock in the afternoon he was quitting work and came up this double ladder.

The argument of the defendant in error thus states what then happened: "The top of the ladder extended four or five feet above the level of the first floor, and the floor was not laid in front of the ladder, so that plaintiff could not walk straight ahead the way he was facing; to the right of the top of this stairway was a pile of rubbish two or three feet high, about three or four wheelbarrows full, consisting of short pieces of lumber, sticks and tiles; so that the only way plaintiff had of getting out off the ladder and on the first floor was to walk over this pile of rubbish. In so doing he stepped on a nail or spike in a piece of board or sleeper—a part of this pile of rubbish—and the nail went through plaintiff's shoe and into the ball of his left foot."

We do not think the facts set forth in this statement made on behalf of the plaintiff in this case show any liability on the part of the defendant.

It cannot be the law that when the building is in process of construction an employing owner or contractor, under the general doctrine of his obligation to furnish his employes a safe place to work, is liable for injuries to one of them caused by his stepping in broad daylight on a nail or spike protruding from material, either discarded or to be used, which is lying about.

Counsel for defendant in error say that "the rule, as to wrecking a building" is that while the master is doing it "he is free from all obligation to use reasonable care to furnish a servant safe surroundings in which to work," but that this is not the rule as to erecting a building.

We do not think that there is a rule to be so broadly stated in either case. There is, however, applicable to both cases, a statement of the law frequently announced by courts in slightly varying forms—that mere transitory and temporary conditions necessarily interfering with the safety of "the place to work" in buildings, either in process of erection or demolition, do not necessarily render the master liable for injuries resulting therefrom to the workmen.

The Court of Appeals of Texas expresses it very well in Armour & Co. v. Dumas, 95 S. W. R. 710, where the facts were much like the case at bar: "It is insisted," it says, "that the duty of exercising care to furnish a reasonably safe place to work resting upon appellant was absolute.  *  *  *.  But to this general rule there is the well known exception that the master is not liable where the danger to which the employe is exposed is merely a transitory one, due to no fault or plan of construction, but is one where the work is of such a character that as it progresses the environment of the servant must necessarily undergo frequent changes, and the injury is traceable to one of these transitory changes. This exception finds its

illustration for the most part in cases involving the construction of works.''

The case cited by the Texas court from the Supreme court of the United States supports this statement. Armour v. Hahn, 111 U. S. 313.

This court has announced the same doctrine several times. Richardson v. Anglo-American Provision Co., 72 Ill. App. 77; Merchant v. Mickelson, 101 Ill. App. 401; Western Co. v. O'Donnell, 101 Ill. App. 492; F. J. McCain Co. v. Kingsley, 126 Ill. App. 165; Falkeneau v. Ginley, 131 Ill. App. 399.

We do not share the doubt expressed by the learned judge who delivered the opinion in Hansell v. Clark, 115 Ill. App. 320, as to whether the doctrine of the Merchant and Richardson cases had not been over-ruled. The Hansell case was, however, plainly distinguishable from them.

The reasoning which leads to the conclusion that the danger in such a case is a risk of the employment assumed by the employe, is as strong in case of construction as of demolition.

The present case seems to us to be one for its application.

The judgment of the Municipal Court is therefore reversed.

*Reversed.*