WALKER *v.* GINSBURG.

1. MASTER AND SERVANT—NEGLIGENCE—NO DUTY TO WARN SERVANT OF OBVIOUS DANGERS.

> That an employee engaged in wrecking a building might fall, and that the wrecking bar he was using might slip, are dangers so obvious that no duty is imposed upon his employers to warn him thereof.

2. SAME—SAFE PLACE RULE NOT APPLICABLE TO WORK OF WRECKING OLD MILL.

> The rule requiring an employer to furnish the employee a safe place in which to work does not apply to the work of wrecking an old mill.

3. SAME—RULE AS TO DEFECTIVE TOOLS NOT APPLICABLE TO SIMPLE TOOL.

> The rule of law requiring an employer to furnish an employee with reasonably safe tools has no application where the tool furnished is a simple one and the employee possesses ordinary intelligence and knowledge.

4. SAME—WRECKING BAR IS SIMPLE TOOL.

> A wrecking bar, used by an employee in wrecking an old mill, is a simple tool.

5. SAME—NO DUTY ON EMPLOYER TO INSTALL LIGHTS WHILE WRECKING OLD MILL.

> An employee, injured while engaged in wrecking an old mill whose windows were dust covered, may not recover on the theory that his employers were negligent in not providing better light, where, at the time, the mill was without lighting facilities, since they were not bound to install lights during the work of dismantling, but it was the employee's duty to open the doors and avail himself of the means of lighting at hand.

Error to Benzie; Lamb (Fred S.), J. Submitted June 8, 1928. (Docket No. 65, Calendar No. 33,648.) Decided December 4, 1928.

Case by David Walker against Myron Ginsburg and another for personal injuries. Judgment for

On application of rule as to safe place where servant is engaged in construction or demolition of building, see annotation in 19 L. R. A. (N. S.) 342.

plaintiff. Defendants bring error. Reversed, and
no new trial ordered.

*Patchin & Duncan,* for appellants.

*M. G. Paul,* for appellee.

CLARK, J. Defendants, wrecking a mill and re-
moving machinery therefrom, employed plaintiff to
assist them. He had worked in the mill nearly 18
years in various capacities, chiefly as an operator
of machines, and after the mill had been shut down
he had been the watchman. He was fully familiar
with the place. In the forenoon of May 13, 1927,
he was engaged for defendants in taking apart a
conveyor box, the housing of a conveyor belt, con-
structed to carry wood waste from a machine on the
floor of the plant to the fire-hole. The conveyor
started beneath the machine, and, rising at an angle
of nearly 45 degrees, passed into the fire-hole at a
height of nearly 10 feet above the floor. The box
was made of boards nearly 14 or 16 inches wide.
Plaintiff in tearing down the box used a wrecking
bar nearly 30 inches in length. While he, working
alone in the plant, was standing on or in the box
attempting to pry off a board, the bar slipped, he
lost balance, fell to the floor, a distance of several
feet, and was injured. He had verdict and judg-
ment. Defendants bring error.

Many questions are presented. We discuss one,
that defendants were guilty of no actionable negli-
gence. That plaintiff might fall, and that the bar
might slip were dangers so obvious that defendants
had no duty to warn of them. The rule of safe
place to work does not apply to this work of demoli-
tion. See 39 C. J. p. 351; *McParland* v. *Stewart,*
*ante,* 565, 19 L. R. A. (N. S.) 340, note.

One of the claws on the claw end of the wrecking bar had been broken off. It is urged that defendants were negligent in furnishing a defective tool. Plaintiff, having the bar on the witness stand, said "I would pry with the bar like that (illustrates)" and "Yes, sir (counsel illustrates with the bar)." All of which is meaningless on the record. The uncontradicted record is that plaintiff was using and prying with the point end of the bar when it slipped and he fell. That being so, the broken claw has no significance in the case. Therefore that defendants are not liable under the rule relating to injury from defect in simple tools (the wrecking bar being a simple tool and plaintiff possessing ordinary intelligence and knowledge) is a question unnecessary to decision. 13 L. R. A. (N. S.) 669; L. R. A. 1918 D, 1141.

The many windows of the old plant were dust covered, and it is contended that defendants were negligent in not providing better light. The building was then without lighting facilities. The defendants were not bound to install lights during the work of dismantling. *Falkeneau Construction Co. v. Ginley,* 131 Ill. App. 399. It was daytime and the month of May. Doors might have been opened by plaintiff to give needed light. It was his duty to avail himself of the means of lighting at hand. 39 C. J. p. 350. We find no negligence on the part of defendants in this regard.

Under the rule here applicable we have viewed the facts in the light most favorable to plaintiff. Further discussion is not required. We find no actionable negligence. Judgment reversed without new trial. Costs to defendants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.