BERNARD DICKEY, Plaintiff, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants (Walsh Construction Company, Ltd., Third-Party Plaintiff-Appellant; Howard P. Foley Company, Third-Party Defendant-Appellee).

First District (5th Division)   No. 85—0640

Opinion filed November 7, 1986.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Harry J. O'Kane, and John C. Filosa, of counsel), for appellant.

Robert A. Townsend, of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of a negligence action filed by Bernard Dickey against Commonwealth Edison Company and Walsh Construction Company, the land owner and general contractor, respectively, at a work site where Dickey allegedly slipped and fell. Walsh filed a third-party complaint for contribution against plaintiff's employer, subcontractor Howard P. Foley Company. Walsh now appeals from the entry of summary judgment in favor of Foley.

We reverse and remand.

The following facts are undisputed. Dickey's employer, Foley, was retained as an electrical subcontractor to install cable and conduit at the work site. At the time of the incident in question, Dickey's task was to hand conduit to a co-worker. Dickey walked about 100 feet away to a pipe rack and began to carry back more conduit. He slipped and fell. After falling, he saw a puddle of water and a 3-inch or 4-inch piece of Visquine (plastic sheeting) that he had slipped on.

Dickey testified in his deposition that the area he was walking in always had water because of hoses coming from a nearby water-pumping room. He noticed that day that the area he was walking in had water, but he did not see the puddle and Visquine that he slipped on until after he fell. Dickey testified that "everybody" there used Visquine for sealing moisture out and covering equipment. He "imagined" that the electricians used it out in the yard, but did not know if they used it where he worked. He did not remember seeing any large pieces of Visquine being used in the area where he fell.

Foley's project manager stated by affidavit that, except for electrical work, Foley had no responsibility concerning the hoses or operation of the water-pump station at the job site.

Plaintiff Dickey's complaint against Walsh and Commonwealth Edison alleged, *inter alia*, that they had created a dangerous condition by allowing water and debris (including plastic sheeting) to accumulate in the work area and by failing to warn Dickey of this dangerous and unsafe condition. In its third-party complaint, Walsh alleged that Foley had breached its duty to provide a safe workplace to its employee, Dickey, by, *inter alia*, allowing water and debris to accumu-

late in the work area and by failing to warn Dickey of the dangerous and unsafe condition of the premises. On these grounds Walsh alleged that it was entitled to contribution from Foley in the amount of its prorated share of their common liability (if any) to Dickey.

The circuit court granted Foley's subsequent motion for summary judgment solely on the ground that as a matter of law a subcontractor should not be "responsible for the whole circumstance of the whole working place, especially in an enormous plant where people are walking considerable distances and walking back and forth."

■ Foley concedes that Dickey, its employee, was within the scope of his employment when he fell. Foley also concedes that as Dickey's employer it had a nondelegable duty to use ordinary care to provide him with a reasonably safe workplace. (*Coselman v. Schleifer* (1968), 97 Ill. App. 2d 123, 239 N.E.2d 687.) This includes the duty to exercise ordinary care to ascertain that customary passageways used by employees to travel from one part of the premises to another in the course of employment are reasonably safe. (*Miller v. Russell* (1939), 302 Ill. App. 165, 23 N.E.2d 775; *Falkeneau Construction Co. v. Ginley* (1907), 131 Ill. App. 399.) However, Foley asserts that this duty, as a matter of law, should not extend to the facts of this case. The sole case cited by Foley in support of this proposition is *Zance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231. There the court held as a matter of law that a homeowner had no duty to guard against the ingestion of a needle by a nine-year-old hemophiliac guest in the house.

■ In this cause plaintiff Dickey, acting within the scope of his duties, was bringing work supplies to his work station from a storage location less than 100 feet away. He slipped and fell on a small piece of plastic sheeting lying in a puddle of water on the floor. Nothing in these facts establishes, as Foley contends, that allowing a jury to determine liability under these facts would unduly extend the employer's duty of providing a safe place to work.

■ Foley also contends that it had no duty to warn Dickey of the alleged dangerous condition because Dickey admitted being aware that the area in question was always wet, including at the time he fell. However, Dickey stated he slipped on Visquine contained in a puddle of water. He stated he did not see the Visquine or the puddle before he fell. He also stated he did not recall seeing sheets of Visquine in that area. This contention by Foley merely establishes a question of fact for a jury to resolve concerning Dickey's knowledge of the dangerous condition.

■ Because a material question of fact remains in this cause and

because Foley was not entitled to judgment as a matter of law on the scope of its duty to its employee, the circuit court erred in granting summary judgment for Foley. (*Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 450 N.E.2d 1286.) Accordingly, we reverse the judgment of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

SULLIVAN, P.J., and MURRAY, J., concur.