PATRICK CARNEY, Defendant in Error, *vs.* THE MARQUETTE THIRD VEIN COAL MINING COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 3, 1913.*

1. APPEALS AND ERRORS—*effect of assignment of error that the Appellate Court erred in affirming.* Under the general assignment of error that the Appellate Court erred in affirming the judgment of the trial court every question reviewable in the Supreme Court under errors assigned in the Appellate Court may be considered.

2. SAME—*question of variance cannot be first raised in a court of review.* In order to obtain a review, either in the Appellate Court or the Supreme Court, of the question of a variance between the allegations and the proof in an action at law, that question must have been presented to the trial court in some appropriate way and a ruling obtained thereon.

3. SAME—*when question of proximate cause cannot be considered.* Whether the negligence complained of was the proximate cause of the injury is not a question which can be considered by a court of review, where there is no assignment of error on the action of the trial court in refusing to direct a verdict for the defendant and in submitting the case to the jury.

4. PRACTICE—*how alleged variance must be taken advantage of.* A variance between the allegations and the proof in an action at law can only be taken advantage of upon the trial by an objection specifically pointing it out, so that it may be obviated by amendment, if necessary.

5. INSTRUCTIONS—*what is not necessarily fatal error in instructions relating to damages.* Instructions relating to damages should limit the jury to the consideration of the evidence upon the subject of damages, but it is not necessarily fatal error for them to authorize the jury to consider all the facts and circumstances in evidence in the case.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

BURNET M. CHIPERFIELD, and CLAUDE E. CHIPER-FIELD, (CAIRO A. TRIMBLE, of counsel,) for plaintiff in error.

DUNCAN, DOYLE & O'CONOR, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Patrick Carney recovered a judgment in the circuit court of Bureau county against the Marquette Third Vein Coal Mining Company for $6000 for a personal injury sustained by him on November 7, 1910, while working as a mule driver in the coal mine of plaintiff in error. The judgment was affirmed by the Appellate Court for the Second District, and the case is brought to this court· by *certiorari*.

The original declaration consisted of· three counts which charged common law negligence and a fourth count which charged a willful violation of the Mining act. Afterwards· three additional counts charging common law negligence and· a fourth additional count charging a violation of the Mining act were filed, to all of which plaintiff in error filed a plea of not guilty, upon which issue was joined. Each of the original and additional common law counts alleged the ownership and operation of the mine by plaintiff in error, the employment of defendant in error as a driver, and that it was his duty to pass through the passageways and rooms of the mine in the discharge of his duties, and it was averred, generally, that plaintiff in error owed him the duty. to keep all such roadways in a reasonably safe condition. In addition to these general averments each of said common law counts specifically charged, in varying

language, that plaintiff in error negligently permitted the first working room off the second left off the fourth right entry to be in an unsafe and dangerous condition on the day of the accident and for more than thirty days prior thereto, and negligently permitted the roof, at a point about thirty-five feet from the face of the coal in said room, to be so arched and broken as to permit ribs to stick out in the roof with a broken and jagged surface, constituting a dangerous condition, all of which was known to plaintiff in error and unknown to defendant in error, and that defendant in error did not possess equal means of knowing such unsafe condition with plaintiff in error. These counts alleged that by reason of the negligence stated, while the plaintiff was performing his duty as a driver of mules and exercising ordinary care for his own safety, and while turning said mules at the place of the accident, the hames of the rear mule became caught in the projecting sides and roof, and while defendant in error was trying to straighten out and release said mule, the lead mule pressed defendant in error against the sides of the room, knocked him to the floor and kicked him, inflicting the injuries complained of. The two statutory counts describe the same condition in the roof as the common law counts, and allege that the low, jagged condition of the roof constituted a dangerous place, and charge that the statute was violated by a willful failure of the plaintiff in error to place conspicuous marks at such place of danger as notice to all men to keep out, and a failure to make and keep a record of such markings.

The facts, in general outline, are as follows: Defendant in error was driving two mules tandem into the room referred to in the declaration, for the purpose of turning them around and hitching them to a car of coal which was to be hauled out to the parting. The mules employed in this work were harnessed in a very simple fashion. The harness consisted of a collar, hames and two trace-chains, with back-bands to hold the chains up. The trace-chains

were attached to a piece of wood, somewhat resembling a single-tree, by means of hooks on the ends thereof, which was fastened to the car with a clevis. No bridles or lines were used and the mules were controlled by words spoken by the driver. The rear mule was three feet and eight inches tall, and the one in front was four feet and seven inches from the ground to the top of the withers. The vein of coal being mined was only three feet thick. In mining, six inches in addition to the vein of coal was taken out, so that the opening between the roof and the floor was three feet and six inches. After the coal was mined out the roof would gradually settle, thus reducing the space still more. To prevent this settling process along the passage-ways and haul roads, walls were built with brushings from the roof and refuse in the mine, on either side of the pass-ageway. These walls are built flush up against the top of the roof and serve the purpose of props to prevent the roof from squeezing down. These walls are usually twelve feet wide, and the space left between them for the roadway is from five to six feet in width. In the center of the haul-ways and above the place where the mules travel there is a groove brushed in the roof about two feet deep, thus mak-ing a roadway for the mules to travel in of about five and one-half feet. Defendant in error drove his mules along the driveway, as above described, until he reached a place where there had been a fall in the roof, which made the space a little wider, when he attempted to turn his mules around so that the lead mule going in would be in front coming out. The mules, by crouching, could turn right about in the roadway. As the rear mule turned so as to throw the top of the hames out of the groove, the hames on this mule caught in the projecting rock and the mule was fastened. Defendant in error went near the head of the rear mule for the purpose of extricating the hames from the jagged rock, and while thus engaged the front mule kicked him, inflicting the injuries complained of.

At the close of all the evidence plaintiff in error asked the court to direct a verdict in its favor, and this motion was overruled. The action of the trial court in this regard was not assigned as error in the Appellate Court nor is it here complained of. The errors complained of in this court are: (1) That the Appellate Court erred in affirming the judgment of the trial court; (2) that the Appellate Court erred in not reversing the judgment below because of error in giving and refusing instructions; (3) that the Appellate Court erred in not reversing because of error in the rulings upon the admission and rejection of evidence on the trial; (4) that the judgment of the Appellate Court is contrary to the law and not supported by the proof.

In all of the common law counts of the declaration defendant in error avers that the dangerous condition of the roof was known to plaintiff in error and unknown to him and that he did not have equal means of knowledge with plaintiff in error. The purpose of such allegation was to negative the assumption of risk by defendant in error. On the trial defendant in error testified that he knew the condition of the roof at the place where the accident occurred, and that he had frequently complained, during the month preceding the accident, to plaintiff in error that the roof was too low, and that he had received promises that the same would be brushed and put in good condition. The last of these promises was made to him only a short time before the accident. He testifies that the foreman told him to go ahead with his work and that the roof would be fixed that day. The accident happened shortly after this conversation. There were no averments in the declaration which gave any hint that any such evidence would be offered to negative the assumption of risk by the defendant in error. The allegations of the declaration negativing the assumption of risk were, that defendant in error did not know of the dangerous condition and did not have equal means of knowledge with plaintiff in error. The proof is uncontra-

dicted that he had full and complete knowledge and that he relied upon the promise of plaintiff in error to remedy the dangerous condition. There is, therefore, apparently a clear variance between the declaration and the evidence offered, and plaintiff in error has argued this variance under its first assignment of error. Under the general assignment of error that the Appellate Court erred in affirming the judgment of the trial court every question reviewable in this court under the errors assigned in the Appellate Court may be considered, (*VanCleef* v. *City of Chicago,* 240 Ill. 318,) but in order to obtain a review, either in the Appellate Court or this court, upon the question of variance, that question must have been presented in some appropriate manner to the trial court and a ruling made thereon. We have examined both the abstract and record, and we find that when defendant in error was on the witness stand he was permitted to testify, without objection, that he knew the condition of the roof, had frequently complained of it to plaintiff in error, and had received promises from time to time that the dangerous condition would be remedied. All this testimony went before the jury without objection. Had plaintiff in error objected to this evidence on the trial on the ground that it did not correspond with the allegations of the declaration the court would undoubtedly have sustained the objection and excluded the evidence, unless defendant in error had amended his pleading so as to make the evidence admissible. It is too late after a case gets into an appellate tribunal, to raise the question for the first time that there is a variance between the evidence and the pleading. Such variance can only be taken advantage of upon the trial by an objection specifically pointing it out, so that it may be avoided by amendment, if necessary. *Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540; *Swift & Co.* v. *Madden,* 165 id. 41; *Westville Coal Co.* v. *Schwartz,* 177 id. 272; *Jacobs* v. *Marks,* 183 id. 533; *West Side Auction House Co.* v. *Connecticut Mutual Life Ins. Co.* 186 id. 156.

260 – 15

Plaintiff in error contends that the injury was not the proximate result of the negligence complained of. Having failed to assign error upon the refusal of the court to direct a verdict this question is not preserved for review. Whether the injury was the proximate result of the negligence charged is a question of fact where there is any evidence fairly tending to sustain the verdict upon this point. Plaintiff in error, by its failure to insist upon the alleged error of the trial court in failing to direct a verdict, must be held to admit that there is evidence in the record upon all controverted questions sufficient to warrant the court in submitting the case to the jury, and this includes the question of proximate cause.

Plaintiff in error complains of the action of the trial court in giving and refusing instructions, and particularly of instructions Nos. 6 and 8 which were given on behalf of defendant in error. These instructions both relate to the question of damages. The objection made to these instructions is, that they authorized the jury to consider all the facts and circumstances in evidence in determining the amount of defendant in error's damages. These instructions are open to the criticism that they authorize the jury, in determining the amount of damages in case they find for defendant in error, to consider all the facts and circumstances of the case. Strictly speaking, the instructions should have limited the jury to a consideration of the evidence as to the damages, and not have authorized them to consider all of the facts and circumstances of the case. Instructions of this character have been condemned by this court. (*Muren Coal and Ice Co.* v. *Howell,* 204 Ill. 515; *Illinois Central Railroad Co.* v. *Johnson,* 221 id. 42.) But in the case at bar we do not see how the instructions complained of could have led the jury to consider any improper fact or circumstance in the record in connection with the amount of damages. In addition to the general language referred to, instruction No. 8 advised the jury what they

might consider in determining the amount of damages. As intelligent men the jurors would understand the general language, "all the facts and circumstances in evidence," to refer to all the facts and circumstances in evidence in connection with the particular elements of damages enumerated in the instruction.

It is also said that instruction No. 8 authorized the jury to assess the damages regardless of all consideration of the evidence. If this be true it is a serious objection. Of course, an instruction that would authorize the jury to found its verdict upon anything other than the evidence would be erroneous, but instruction No. 8 is not open to this objection. It expressly limits the jury to the facts and circumstances in evidence in assessing the damages. In our opinion the want of strict accuracy in the language of these instructions could not have misled the jury to the prejudice of plaintiff in error.

Some other instructions are complained of. The criticism made upon the other instructions that are applicable to the common law counts does not impress us as at all serious. The objections made to the instructions, as well as to those rulings of the court upon the admission and exclusion of evidence which relate entirely to the statutory counts of the declaration, need not be considered, since in our opinion the judgment below may be sustained upon the common law counts, and in this view any error that may have intervened that only affects the right of recovery under the statutory counts is not material.

Upon a careful consideration of all the alleged errors our conclusion is that none of them are of such serious character as to require a reversal of the judgment.

The judgment of the Appellate Court for the Second District is affirmed.

*Judgment affirmed.*