## Robert Corlett, Appellee, v. Illinois Central Railroad Company, Appellant.

### Gen. No. 7,651.

1. PLEADING—*when defect in declaration waived by plea of general issue.* Where a defendant files a plea of the general issue he will be deemed, after verdict, to have waived a contention that the declaration failed to state a cause of action, unless the declaration is so defective that it will not sustain the judgment.

2. APPEAL AND ERROR—*right to review on question of variance not raised on trial.* The reviewing court will not consider a question of variance not presented to the trial court.

3. PLEADING—*construction of pleading to sustain judgment.* After judgment, a pleading is always construed most liberally for the purpose of sustaining the judgment.

4. PLEADING—*when declaration defective in statement of cause of action cured by verdict.* Even where a declaration is so defective,

in substance or form, that it would have been vulnerable to attack by demurrer, yet if the issues joined were such as necessarily required, on the trial, proof of the facts so defectively set out or omitted, and with which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, a verdict, such defect is cured by the verdict.

5. TRIAL—*discretion of trial court as to admission on rebuttal of evidence proper to be offered in chief.* Where testimony which might properly have been introduced in chief is offered in rebuttal, it is discretionary with the trial court whether such testimony shall be admitted or not, and the discretion will not be reviewed unless it has been abused.

6. INSTRUCTIONS—*propriety of instruction in language of statute.* An instruction in the language of the statute is good if it is applicable to the facts of the case.

7. RAILROADS—*when instruction in language of statute as to duty of railroad to maintain crossings not erroneous in action for injury at obstructed crossing.* In an action for injury to an automobile and its occupants alleged to have been due to the negligent failure of the defendant railroad company to maintain a warning barrier at a point where it had excavated across the approach to a crossing, an instruction stating the duty of railroad companies as to the maintenance of crossings, in the language of Cahill's St. ch. 114, ¶ 87, held not erroneous as inapplicable to the facts, as negativing the right of the railroad to obstruct the crossing pending construction work, or as submitting to the jury the construction of a statute.

8. NEGLIGENCE—*when modification of correct charge on contributory negligence not prejudicial.* In an action for injury to an automobile and its occupants alleged due to the negligent failure of the defendant railroad company to maintain a warning barrier at a point where it had excavated across the approach to a crossing, wherein the court was requested to charge that it was the plaintiff's duty to do certain things while driving his car in the highway, and that if the jury believed that he failed to perform such acts, and that such failure contributed to the injury, they should find the defendant not guilty, the defendant was not prejudiced by the fact that, before giving such charge, the court modified it by inserting the word "materially" before the word "contributed," although the charge could properly have been given as asked.

9. RAILROADS—*propriety of refusing requested charge on contributory negligence in action for injury at railroad crossing.* In an action for injury to an automobile and its occupants by running into an excavation at a railroad crossing, held that it was not error to refuse to charge, as requested, that it was admitted that

the plaintiff, in approaching the crossing, did so at a speed in excess of 10 miles an hour and that under the law he was guilty of negligence, and that if the jury believed that such negligence contributed to his injury, they should find for defendant, it not being within the province of the court to charge the jury as to what was or was not admitted or to instruct them that the plaintiff was guilty of negligence, these being questions of fact for the jury to determine.

10. RAILROADS—*when refusal to direct verdict for defendant proper in action for injury at railroad crossing.* In an action for injury to an automobile and its occupants by running into an excavation across the approach of a crossing, alleged to have been due to the negligent failure of the defendant railroad company to maintain a warning barrier across the highway at that point, held that under the evidence it was not error to refuse to direct a verdict for the defendant, it being a question of fact for the jury whether the defendant was guilty of the negligence charged in the declaration.

Appeal by defendant from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed June 19, 1926.

HUNTER & MINOR, for appellant; JOHN G. DRENNAN, of counsel.

MILLER & STREETER, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Robert Corlett, recovered a judgment for $614, in the circuit court of Kankakee county against appellant, Illinois Central Railroad Company, on account of injuries to appellee and his automobile, and an appeal has been prosecuted to this court.

The scene of the accident was about one mile north of the village of Bradley. At that point the tracks of appellant extend north and south. Just east of the tracks, and parallel with them, is the right of way and track of the Chicago & Interurban Traction Company. A public highway crossed all of these tracks at right angles. About two years prior to the accident, appellant cut down its grade at this point, and

in so doing, excavated its right of way 10 or 12 feet
where this public highway crossed the right of way.
When the grade was cut down, the highway was closed
by a wire fence east of the traction company's right
of way, and public travel turned south through a field
for about 800 feet, and then went west to a grade
crossing which appellant constructed across both
rights of way.   About a year before this accident,
appellant claims it built a fence across the old high-
way, at the old crossing, 15 feet east of the excava-
tion and 33 feet west of the interurban track, con-
sisting of two panels each 16 feet long, 4 boards high,
nailed to 5 posts.   The wire fence east of the inter-
urban track was then removed, and travel south
through the field on the east side of the interurban
track was abandoned.   After this was done the high-
way crossed the interurban track and turned south
between the track of appellant and the interurban.
Appellant also claims that later a third panel was
added to this fence just east of the excavation; that
the highway between the tracks was graded and sur-
faced with cinders from the old crossing south to the
new crossing; that some distance east of this crossing
there was a sign with the word "Stop" upon it, but
the evidence on behalf of appellee tends to show that
this sign had been torn down for some time and was
lying on the ground at the time of the accident.
     On January 25, 1925, at about two o'clock in the
morning, appellee left a dance which he had attended
and started west in his automobile along this old pub-
lic highway which formerly crossed the right of way.
There were five persons in the automobile.   Three
automobiles were ahead of appellee and they turned
south between the railroad tracks.   It is claimed by
appellant that appellee crossed the interurban track
at about 20 miles per hour.   Appellee did not see that
the road turned south, and claims there was no bar-
rier across the old highway just east of the excava-

tion, and, as a result, his car went into the ditch, and he and the car were injured.

The declaration originally consisted of three counts. The court directed a verdict as to the second and third counts. The negligence alleged in the first count was that prior to January 25, 1925, appellant had excavated part of its right of way crossing the public highway to a depth of 10 feet below the surface of the highway on the east, of which appellee had no knowledge; that appellant did not maintain a barrier of any kind to prevent an automobile driven along the highway from plunging off of said highway into said excavation, and did not maintain any warning of any kind, warning people who might be driving along the public highway that there was such an excavation. The second count was based upon a violation of Cahill's St. ch. 114, ¶ 87, and the third count charged wilful negligence.

Appellant insists that the first count did not state a cause of action; that it was not the duty of appellant to erect or maintain a barrier which would prevent an automobile from plunging off of the highway; that to prevent an automobile from plunging off of the highway would require a heavy wall that would resist a collision; that the allegation that appellant did not maintain any warning presents no issue; that in order to have presented an issue it should have alleged that defendant did not maintain an object, or some tangible thing, which would serve as a reasonable warning to travelers; that the issue presented by the plea of the general issue was, "Did appellant construct or maintain a barrier of any kind or nature at said point, and did it maintain any warning of any kind or nature, warning persons that there was such an excavation in the highway?"

By filing the general issue, appellant, after verdict, waived the right to contend that the count did not state a cause of action, unless the count was so de-

fective that it would not sustain a judgment. *Klofski v. Railroad Supply Co.,* 235 Ill. 146; *Swift & Co. v. Rutkowski,* 182 Ill. 18. The question of a variance was not raised in the trial court and therefore is not open to review upon this appeal. *Carney v. Marquette Third Vein Coal Min. Co.,* 260 Ill. 220; *Brunnworth v. Kerens-Donnewald Coal Co.,* 260 Ill. 202; *Davis v. Illinois Collieries Co.,* 232 Ill. 284. If appellee proved by a preponderance of the evidence that he was in the exercise of due care, and that appellant did not maintain any warning to persons who might be driving along the public highway that there was an excavation in the public highway on the right of way, and thereby appellee and his automobile were injured, he was entitled to recover. After judgment, a pleading is always construed most liberally for the purpose of sustaining the judgment. *Plew v. Board,* 274 Ill. 232. Even if there was a defect in the declaration, in substance or form, which would have been fatal upon demurrer, yet if the issues joined were such as necessarily requires, on the trial, proof of the facts so defectively set out or omitted, and with which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, a verdict, such defect is cured by a verdict. *Miller v. S. S. Kresge Co.,* 306 Ill. 104; *Chicago & Grand Trunk Ry. Co. v. Spurney,* 197 Ill. 471.

In the latter case it was held that an allegation that the defendant "then and there negligently failed to provide any means of warning the plaintiff when said machine was about to be put in motion" was sufficient under which to prove that the defendant did not provide any means for giving the plaintiff any such notice; that the substance or gist of the charge of negligence was that no warning was given that power was about to be applied to the machine; that there was no variance between the allegations and the proof; that the charge was broad enough to

include a charge that the defendant did not provide any means of giving plaintiff notice.

The allegation of the first count of the declaration may be defective in some respects, and might be subject to a demurrer, yet, after verdict, it was sufficient to sustain the judgment.

In rebuttal appellee offered evidence tending to show that there had been a fence of three panels across the highway, but for some time before the accident the middle panel had been broken down. Appellant insists that the court erroneously admitted this evidence in rebuttal, for the reason that it proved negligence of a different kind from that alleged in the declaration, or from that shown in appellee's case in chief; that the evidence in chief tended to prove a failure to construct or maintain a barrier of any kind, and, by his case in rebuttal, appellee attempted to show that there was a barrier across this highway but that appellant was negligent in keeping it in proper repair; that the only issue in the case was whether there was or was not a barrier or object of warning, and that appellee having alleged specifically that there was none, he should have been confined thereto in his proof; that there was no issue as to whether the fence was out of repair and appellant was not prepared to meet such an issue.

Where testimony which might properly have been introduced in chief is offered in rebuttal, it is discretionary with the trial court whether such testimony shall be admitted or not, and the discretion will not be reviewed unless it has been abused. *Hartrich v. Hawes,* 202 Ill. 334; *First Nat. Bank of Hoopeston v. Lake Erie & W. R. Co.,* 174 Ill. 36.

When this evidence in rebuttal was offered by appellee, appellant objected. The court announced that while, in all probabilities, the evidence should have been introduced in chief, he would not exclude it for technical reasons because it had not been produced

at the proper time, and that he would give the same opportunity to appellant to put in further evidence if it saw fit. At the close of appellee's evidence appellant made no attempt to offer any additional evidence, and the case was closed.

The contention that appellee abandoned his case in chief, and in rebuttal offered testimony tending to prove a different cause of action, is not sustained by the evidence. Appellee, in chief, proved by four witnesses that at the time of the accident there was no barrier, and that there was no warning that the excavation was there. Appellant offered several witnesses including employees of the railroad company, a rural mail carrier, and some persons living in the neighborhood, to the effect that the fence had been built across the highway at the cut, and had remained there until the date of the accident. Appellee then offered the testimony of five witnesses who resided in the neighborhood. This evidence showed that an automobile was driven through the barrier about a month and a half before the accident, and the middle panel of the fence, about 16 feet long, had been torn away, and that from that time to the day of the accident this panel had not been replaced, and that there was no fence across the center of the roadway at the time of the accident. It was not a question as to whether or not there was a part of the fence on the north and south sides of the highway, but the question was whether there was a panel of fence across the highway so as to warn travelers from driving into the excavation. The issue being tried was not changed by the admission of this evidence and the court did not abuse its discretion in admitting it.

The only instruction given on behalf of appellee told the jury that hereafter at all railroad crossings of highways and streets the several railroad corporations of this State shall construct and maintain said crossings, and approaches thereto, within their re-

spective rights of way, so that, at all times, they shall be safe as to persons and property. It is insisted by appellant that this instruction was only applicable to the second count of the declaration which was taken from the jury; that it had no application to the facts in this case; that there was not, and had not been, a railroad crossing at the point where the accident occurred for over two years; that appellant had the right, under its charter, to make this excavation and remove this crossing while the construction was going on, but the instruction negatived this idea, and told the jury, in effect, that appellant was bound at all times to maintain this crossing; that it submitted to the jury a question of law, namely, the construction of a statute.

This instruction is in the language of Cahill's St. ch. 114, ¶ 87. An instruction in the language of the statute is good, if it is applicable to the facts in the case. *Greene v. L. Fish Furniture Co.*, 272 Ill. 148. The evidence shows that this was a public highway across the right of way two years prior to the accident. The evidence does not show under what agreement, if any, this excavation was made, whether the public highway across the right of way was vacated or abandoned, or whether this crossing was to be re-established after the excavation was completed. One of the objections to the instruction is that appellant had the right, under its charter, to make the excavation and vacate the crossing while the excavation was being made, but it is claimed that the instruction negatived this idea, and that it in effect told the jury that appellant was bound at all times to maintain the crossing. The instruction is not capable of this interpretation, but from this objection the inference might be drawn that the public road was not to be abandoned or vacated, but was to be re-established after the excavation was complete. If the highway was not to be vacated or abandoned, then it continued to be a

public highway during the time of the improvement, but was temporarily out of use. In any event, whether it was vacated permanently or not it was the duty of appellant to guard the excavation so as to protect the public from injury. Under the evidence there was no error in giving the instruction.

Complaint is made of the modification of appellant's eighth instruction which told the jury that it was appellee's duty while driving his automobile upon the highway to do certain things; that if the jury believed that he failed to perform such acts, and that such failure contributed to the injury, they should find the appellant not guilty. The court modified this instruction by inserting the word "materially" before the word "contributed." We think the instruction as offered announced a correct rule of law, but we do not think the modification constituted reversible error. It has been held that slight negligence is not incompatible with due and ordinary care. *Hazel v. Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38; *Chicago & E. I. R. Co. v. Randolph,* 199 Ill. 126; *Chicago City Ry. Co. v. Dinsmore,* 162 Ill. 658; *Lake Shore & M. S. R. Co. v. Hessions,* 150 Ill. 546.

Appellee's fourteenth refused instruction told the jury that, under the evidence, it was admitted that appellee, when he approached the crossing, was exceeding the rate of 10 miles per hour, and that, under the law, he was guilty of negligence, and if they believed from the evidence that such negligence contributed to the injury for which he was suing they should find appellant not guilty. This instruction was properly refused. It was not the province of the court to tell the jury what was admitted or what was not admitted, or to instruct the jury that appellee was guilty of negligence. These were questions of fact for the jury to determine. The part of the instruction with reference to the rate of speed was covered by

the eighth instruction given on behalf of appellant. The fifteenth instruction was also properly refused.

It is insisted by appellant that the court was in error in not directing a verdict in this case. It appears from the evidence that appellee was driving over this road at about two o'clock in the morning. There was some snow upon the ground. He was not familiar with the road. After he crossed the interurban track, he did not observe that the road turned to the south between the tracks. If the evidence on behalf of appellee is to be believed, the panel of fence across the highway which protected travelers from going into the ditch, was down, and there was nothing there to protect appellee from the excavation. Under this evidence it was a question of fact for the jury to say whether the appellant was guilty of the negligence charged in the declaration. The court would have invaded the province of the jury in directing a verdict, and there was no error in the ruling as made.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*