Samuel Selman et al., Appellees, v. Midwest Haulers, Inc., et al., Appellants.

Gen. No. 9,266.

Opinion filed February 25, 1941. Rehearing denied April 1, 1941.

LORD, BISSELL & KADYK, of Chicago, and HOLLENBECK & HOLLENBECK, of Marshall, for appellants; BRUCE S. PARKHILL and HERBERT C. BROOK, both of Chicago, of counsel.

ACTON, ACTON, BALDWIN & BOOKWALTER, of Danville, and SNAVELY & MILLER, of Marshall, for appellees; WILLIAM M. ACTON and ROBERT E. L. COOK, of Chattanooga, Tenn., of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

Defendants have appealed from judgments entered against them in the circuit court of Clark county in favor of the plaintiff appellees, in a joint action at law to recover damages for personal injuries alleged to have been sustained by the respective plaintiffs through the alleged negligence of the defendants in a

collision between defendants' tractor and trailer and plaintiffs' automobile at a point on U. S. Highway Route No. 40 near a railway underpass located one and one-half miles east of Martinsville, Illinois.

Plaintiffs charged that the defendants were guilty of one or more of the following acts of negligence: (1) Operating their tractor and attached semitrailer on the public highway in question without good and sufficient braking equipment capable of stopping said vehicles within certain specified distances provided in sec. 211, ch. 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.243]; (2) in operating said combined vehicle at a speed greater than was reasonable and proper, having regard for the traffic and use of the highway, in violation of section 146 of said chapter and statute; (3) in operating said vehicle upon the left side of the roadway (which was an 18-foot concrete highway with black center line extending in an eastward and westward direction) and into that portion thereof reserved for traffic moving in the opposite direction, in violation of section 151 of said chapter and statute prescribing that vehicles shall be driven on the right half of the roadway; (4) general negligence in the operation of the vehicle and (5) negligence in failing to properly apply brakes on the vehicle upon meeting the car in which plaintiffs were riding.

The defendants filed answers denying that they were guilty of any of the acts of negligence charged in the complaint or in any respect liable to the plaintiffs for the injuries alleged to have been sustained by them.

The case was tried by a jury, which returned a verdict against the defendants in the respective sums of $25,000 for personal injuries sustained by plaintiff Samuel Selman and in the sum of $350 each for the respective plaintiffs, Donald Johnston and Nathan Price. The defendants had interposed motions for a directed verdict in their favor at the close of both the plaintiffs' and defendants' testimony and for judg-

ments notwithstanding the verdict, all of which were denied by the court, together with defendants' motion for a new trial, and judgment for the plaintiffs was entered by the trial court upon the verdict for said respective amounts, from which this appeal is taken.

Defendants assign alleged errors on the part of the court in denying motions for directed verdicts for the defendants; in denying motions for judgment *non obstante veredicto* and for a new trial. Error was also assigned in giving plaintiff's instructions numbered 3, 5, 10, 12 and 13 and in refusing an instruction offered by the defendant; concerning the admission and exclusion of certain evidence, and that the verdict and judgment were contrary to the manifest weight of the evidence and contrary to law and to the evidence.

The facts, briefly recited, were substantially as follows: The three plaintiffs and two other persons, members of a concert troupe known as the Seagle Singers, were riding eastward along said U. S. Route No. 40 in a Lincoln Zephyr sedan owned by Seagle and driven by plaintiff Selman, on March 14, 1939, shortly after four o'clock p. m. when the collision took place. The collision occurred at a point about a mile and a half east of Martinsville on the south shoulder of said highway, approximately 100 feet west of an underpass beneath the tracks of the Pennsylvania Railroad which crosses said highway in a northeasterly and southwesterly direction. The highway takes the form of an S curve at a point between three and four hundred feet west of the railroad curving to the right and down a slight grade under the railroad tracks and thence upwards and to the left on the east side of the railroad before continuing in an easterly direction.

The defendant Leach was enroute from Toledo to St. Louis driving defendant Midwest Trailers, Inc., tractor with semitrailer attached, which combined vehicle was about 31 feet in length, 8 feet in width and 9 feet high, having single wheels on the front of the

tractor and double wheels on the back of both the tractor and the trailer, of an unloaded weight of 11,000 pounds, but loaded with freight at the time of the collision. A third car, whose occupants were witnesses, was being driven westwardly about 150 feet to the rear of defendants' tractor and trailer when the collision occurred.

The weight of the testimony indicated that the left-front tire of the defendants' truck sustained a blow-out at the approximate point of the underpass; that the tractor and trailer veered to the left diagonally across the slab and almost entirely on to the shoulder with the rear portion of the trailer on the slab; that the Lincoln Zephyr coming eastward put on brakes and swung over to the shoulder on the south or right side of the concrete portion of the highway; that the cars came together in a head-on collision, leaving the front portion of the tractor elevated on top of the hood of the sedan, which was crushed beneath; that the point of impact was slightly off of the slab and on the south side thereof; that the soil beneath was torn up for several feet and that the plaintiff Selman sustained personal injuries of a serious and permanent nature. No claim that the amount of the verdict or judgments were excessive is made by the defendants and no error is assigned thereon.

The occupants of both cars and the car in the rear of the tractor testified as occurrence witnesses, and the occupants of a third car coming from the rear shortly thereafter were also heard. Numerous witnesses who came upon the scene of the collision shortly thereafter testified what the conditions were as the result of the collision as they found them.

There is a conflict in the testimony as to the rate of speed at which both cars were traveling. Leach, the driver of the tractor, testified that after the blowout he had put on brakes and the left signal lights of his truck as it swung to the left across the pavement and

had come to a full stop shortly before the collision occurred and was struck by the sedan coming at a high rate of speed. Some witnesses testified that the truck had been traveling from 35 to 40 miles per hour and had moved across the slab diagonally and was still going forward when the collision occurred. Selman and certain occupants of the sedan testified that they were advancing at all times on the right side or half of the slab and that when the truck came across, the brakes of the sedan were applied and that it left the slab to the right in order to avoid the collision which occurred when the two moving cars came together, and that at the time of the impact the sedan was almost stopped and the truck did not seem to slacken speed.

Leach testified that he could have stopped his truck by application of the brakes within 10 to 15 feet, but that he traveled the longer distance across the slab and to the left shoulder in order to get off of the slab and clear of oncoming traffic. He denied the statement of plaintiffs' witness William Wright that he had stated to the latter on the day following the accident at the hospital that "I did put on my brakes when the tire blew out, but it headed me toward the concrete wall of the viaduct and I released my brakes and let the truck go on because if I had kept them on I would have run smack into that wall and smashed my truck and cargo. I was just hoping the other guy would turn out around me and miss me."

It was contended by the defendants in support of their motion for a directed verdict that there was no evidence of due care on the part of the plaintiffs. In this, we cannot concur after having carefully read the abstract. The question was peculiarly one of fact to be passed upon by the jury in the light of all the surrounding facts and circumstances in evidence and reasonable inferences therefrom. We hold that in denying the defendants' motion for directed verdict and judgments *non obstante veredicto,* the trial court com-

mitted no error. Without analyzing the various facts and circumstances in evidence that are discussed by counsel in regard to their various contentions that they tended to prove that the defendant was or was not negligent, we find that the evidence was in sharp conflict and that the verdict was not contrary to the manifest weight of the evidence. The jury were judges of the credibility and weight of the evidence, and from a consideration of the whole of the evidence, we find that the jury was fully justified in finding the issues of fact in favor of the plaintiffs herein and that the trial court committed no error in overruling defendants' motion for a new trial and in entering judgments upon the verdict.

Defendants further assign, but do not stress, alleged errors in the admission and exclusion of certain evidence, which we have carefully examined, but can find no reversible or prejudicial error in the record in relation thereto.

Concerning the objections to certain numbered instructions that were given on behalf of the plaintiff and the instruction of the defendant which was refused, we find no prejudicial error.

Plaintiffs' given instruction No. 3 informed the jury in the language of the statute of the regulations of the Motor Vehicle Act under the charges of negligence, followed by instructions making application thereof to the facts in the case was not erroneous. As is said in *Deming v. City of Chicago,* 321 Ill. 341, 151 N. E. 886, "Where an instruction is given in the language of a statute which is pertinent to the issues, it must be regarded as sufficient. Laying down the law in the words of the law itself ought not to be pronounced error." It has frequently been held that where there is evidence which makes the statute applicable where the cause of action is based upon a statute, it is proper to instruct in the language of the statute. *Fannon v. Morton,* 228 Ill. App. 415, 428;

*Fisher v. Johnson,* 238 Ill. App. 25, 34; *Van Meter v. Gurney,* 240 Ill. App. 165, 190; *Corlett v. Illinois Cent. R. Co.,* 241 Ill. App. 124, 132.

Instruction No. 5 informed the jury in the language of the complaint on the charges of negligence therein. This instruction supplemented the one in which the language of the statute was given, and we cannot agree with defendants' contention that there was no credible evidence to support each of the elements of this instruction. The charge of negligence was set forth in the complaint in the alternative, and it was only necessary that the plaintiffs sustain one or more of the several charges of negligence proximately causing the plaintiffs' injuries. An instruction similar to the one given in the instant case by the court was approved in *Murphy v. King,* 284 Ill. App. 74, wherein a petition for leave to appeal was denied by the Supreme Court.

Instruction No. 12 was a stock instruction setting forth the degree of care required by one who is confronted with sudden danger. In view of the oncoming tractor and trailer as it came diagonally across the slab to the point of collision, it was proper to give an instruction to the jury as to the degree of care required of the plaintiffs at and immediately prior to the injuries and collision under the circumstances in evidence.

It is contended by appellants that instruction No. 13 is argumentative in form and is made to apply only to the plaintiffs. This instruction concerned the degree of care required by the plaintiffs and has been approved by courts of review in this State. *Walsh v. Chicago Ry. Co.,* 303 Ill. 339, 135 N. E. 709. It was upon the question of care and caution required of the plaintiffs and properly did not apply to the defendants. The case of *Engstrom v. Olson,* 248 Ill. App. 480, discussed an instruction concerning the right of the plaintiff to testify in his own behalf and does not apply to the facts in this case.

The refused instruction of the defendant, for whom 10 instructions were marked "Given" and but one marked "Refused" concerned provisions of the statute prohibiting a vehicle being left upon the paved or improved part of a highway when it is practical to stop, park or leave the vehicle off of such part of said highway, followed by the excepting clause: "This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position," to which the defendants added the following language: "The Court further instructs the jury that upon the said date, the defendant, Robert Leach, was under duty to obey the above Statute, and that duty is one of the elements that you may and should consider in determining whether or not the defendant, Robert Leach, was negligent at or immediately before the time of the accident in question." The language of this statute has no application to the facts in the case at bar and was properly refused. It was argumentative, singled out certain facts and would have been confusing and misleading if given. Here, all the evidence shows that the truck had moved across from its lane on to and beyond the lane of opposite moving traffic. It was not an emergency stop in its line of traffic nor one to which the above statutory provision would apply.

The jury were fully instructed upon the issues, and we find no prejudicial error in the giving and refusing of instructions herein.

From an examination of the whole of the record, it is the opinion of this court that the case was fairly tried; that the verdict and judgment was responsive to the evidence and that substantial justice was done between the parties.

163

Finding no reversible error in the record, the judgment of the circuit court of Clark county will therefore be affirmed.

*Judgment affirmed.*