(No. 23586.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH SESTO, Plaintiff in Error.

*Opinion filed June 17, 1936.*

ALFRED E. ROTH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was convicted of armed robbery upon indictment in the criminal court of Cook county, and was also found guilty under a count in that indictment charging him with being an habitual criminal, having previously been convicted of grand larceny. He has been sentenced to the penitentiary for life, and sues out this writ of error.

The complaining witness, Emil F. Schwarz, was robbed at the point of a pistol in the early morning of June 24, 1934, the crime being committed at the corner of Halsted street and Chicago avenue, in the city of Chicago. A few days later, on July 6, Schwarz identified the defendant as the man who had robbed him, the identification being made at a "show-up" at the detective bureau, where the defendant was picked out of a group of nine men. According to the testimony of Schwarz he saw the robber some time before the commission of the offense and observed his height, pants, shirt and cap, this observation being made while Schwarz stood on a corner waiting for a car and the defendant was loitering near by; that afterwards the same man followed him, intimidated him with a pistol and took his money and ring; that he again observed the robber after the commission of the offense as he stood under a light examining the ring which had been taken from witness. The testimony of the complaining witness disclosed ample opportunity for him to have formed a satisfactory mental image of the defendant, and, inasmuch as the defendant did not deny any of the acts in question, we are unable to say that the identification was not sufficient. A positive identification by one witness who has ample opportunity for observation is enough to sustain a conviction. *People* v. *LeMar,* 358 Ill. 58; *People* v. *Gasior,* 359 id. 517; *People* v. *Gerdy,* 362 id. 130.

Although the defendant did not take the witness stand in his own behalf he introduced the testimony of three witnesses who said they had been with the defendant on the

night in question attending a party on a farm near Grand Junction, Michigan, which is shown to be about 140 miles from Chicago. The testimony of two of these witnesses did not cover the time of the offense nor exclude the possibility of the defendant's having been at the place in question, as they testified that they saw the defendant about 5:30 or 6:00 o'clock in the evening before the robbery and again the next morning at about 10:00 o'clock. The third alibi witness, who was a brother-in-law of the defendant, did cover the time of the commission of the crime, but his testimony was obviously disregarded by the jury. It appears from the testimony of these alibi witnesses that a number of other persons were present at the party in question, if there was any such party, and also that the owner of the farm where the party was supposed to have taken place was a resident of Chicago. None of these other witnesses were called. The defendant, by his failure to testify, elected to rely upon the weakness of the People's case rather than on the strength of his own. Considering all of the circumstances, we are unable to see that any such evidence of alibi was presented as would raise a reasonable doubt of the defendant's guilt. There is no conflict in the evidence as to the actual commission of the robbery and there is no doubt that the defendant was sufficiently identified. There are enough facts in the record, when considered as a whole, to justify the jury in disregarding the somewhat feeble defense offered. The verdict was in accord with the manifest weight of the evidence, does not appear to have been the result of passion or prejudice, and it will not be disturbed by this court. *People* v. *Hanisch,* 361 Ill. 465; *People* v. *Marchiando,* 358 id. 286; *People* v. *Deal,* 361 id. 225.

Complaint is made that the trial court erred in permitting the police officer who made the arrest to testify that he charged the defendant at that time with violation of the law relative to the possession of a revolver. No timely ob-

jection to this evidence appears to have been made, and the record further discloses that these facts were brought out on cross-examination by the defendant's own counsel. He cannot complain of the admission of any evidence thus adduced. *People* v. *Maciejewski,* 294 Ill. 390; *People* v. *Clements,* 316 id. 282.

It is also urged that the court erred in its instructions to the jury as to the form of their verdict, but there is nothing in the abstract to indicate wherein the defendant was in any way prejudiced by the action of the court, and we will not search the record to find ground for reversal.

The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*