## PATRICK CONFREY

*v.*

## CATHARINE STARK.

1. INTOXICATING LIQUORS—*punitive damages in suit by wife.* Under the statute relating to intoxicating liquors, the wife of one intoxicated must have sustained actual damage by injury to her person, property or means of support, before she can recover punitive damages, in a suit against one causing such intoxication.

2. SAME—*when seller is not liable to wife.* Where the husband has an abundance of means of support for himself and family, and liquor is sold to him, and he becomes intoxicated, but does not injure the person of his wife, or his or her property, the wife will have no cause of action against the seller.

3. The law was not designed to enable those well provided for to sue and recover simply because the husband and father may become intoxicated, and, while in that condition, loses time, neglects his business, or becomes injured, or earns less money, or even loses it by neglect of business, and hence is not possessed of as large means as he otherwise would have been. It is only to protect the wife and family against immediate or probable want of adequate support.

4. REMEDY—*per diem for taking care of intoxicated person.* The $2 per day given for taking care of a person injured by intoxication can not be recovered by a wife of the injured party in an action on the case. This can be recovered only in an action of debt, as prescribed in the fourth section of the act.

5. SAME —*for statutory penalty.* It is a uniform rule, that, where a statute gives a penalty and prescribes the form of action for its recovery, no recovery can be had except in such form of action.

6. BRIEFS—*should not be indecorous.* The practice of using indecorous language towards the judge below, in the briefs of counsel, is condemned and censured

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. A. E. HARDING, for the appellant.

Mr. S. S. LAWRENCE, Mr. C. C. STRAWN, and Mr. L. G. PEARRE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action on the case, in the Livingston circuit court, against appellant, to recover damages claimed to have been sustained by her, by reason of the sale of intoxicating liquors to her husband by appellant. A trial was had before the court and a jury, resulting in a verdict for $1000, upon which the court, after overruling a motion for a new trial, rendered judgment, and to reverse it this appeal is prosecuted, and errors are assigned on the record.

It is urged that the court below erred in giving instructions for appellee. The first to which exceptions are taken is this:

"The court instructs the jury that, in Illinois, the law is, that every wife who shall be injured in her person, property or means of support by any intoxicated person, being the husband of any such wife, or in consequence of the intoxication, habitual or otherwise, of any such husband, shall have a right of action, in her own name, against any person who shall, by selling or giving intoxicating liquors to any such husband, have caused the intoxication, either in whole or in part, of any such husband, for all damages sustained, and for exemplary damages."

This instruction was well calculated to mislead the jury in finding their verdict. This court, in previous cases, in construing this act, has held that, before there can be punitive damages allowed, it must be proved and found that the plaintiff had suffered actual damages, such as are designated in the statute; that injury must be sustained to the person, property

or means of support, before plaintiff can recover damages to any extent, and that such damages must be found to have been sustained, before punitive damages can be awarded.

Where the husband has an abundance of means of support for himself and family, and liquor is sold to him, and he becomes intoxicated, but does not injure the person of the wife, or his or her property, we are at a loss to see how a recovery can be had, because there is no injury to either the person of the wife, to the property, or to her means of support; and it is only for the injury to some one or more of them that a right of recovery is given. The law was not intended as a means of speculation, but as a protection against injury to the wife and children of the drunkard, to preserve the property used by the family from destruction or injury, and to protect the family against immediate or probable want of adequate support; not to enable the affluent, or those well provided for, to sue and recover simply because the husband and father may become intoxicated, and, whilst in that condition, loses time, neglects his business, or becomes injured, or earns less money, or even loses it by neglect of business, and hence is not possessed of as large means as he otherwise would have been. The jury should have been instructed that they must first find that appellee had been actually injured in one of these modes, before they could find punitive damages.

The ninth of appellee's instructions informed the jury that, if the husband of appellee became intoxicated by reason of liquor sold to him by appellant, either in whole or in part, and thereby became injured, and that appellee, in consequence thereof, was obliged to, and did, care for her husband whilst helpless, then she was entitled therefor to $2 for each day she so cared for him, in addition to any other damages she may have sustained in person, property and means of support. It will be remembered that this is an action on the case, whilst the fourth section of the statute only gives an action of debt before any court having competent jurisdiction. It is a uniform rule, well recognized by all courts, where a statute gives a penalty and prescribes the form of action in which the

remedy may be had, that courts are powerless to change the remedy and permit a recovery to be had in another form of action. The will of the General Assembly is supreme, and must be obeyed as expressed.

Nor does the new Practice Act, so far as we can perceive, change the action. It abolishes the distinction between trespass and case, but not between debt and case; and hence the $2 a day can only be recovered in an action of debt, as the statute has prescribed. Such a recovery can only be had by virtue of the statute, and, to recover, the statute must be pursued. This instruction was therefore erroneous, and should have been refused.

It is with regret that we feel required to notice the fact that the brief of appellant's counsel is not decorous to the judge who tried the case. Such things are not calculated to bias this court unduly in favor of the side that resorts to them, as they are entirely foreign to our taste, and we endeavor to decide all cases on their merits. If this were the first instance, we might pass it over, as we have previously done, without reminding counsel of its impropriety.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*