David G. Geraghty, Appellee, v. William Grace Company et al., On Appeal of William Grace Company.

## Gen. No. 15,049.

1. MASTER AND SERVANT—*when doctrine res ipsa loquitur does not apply.* Where the declaration charges an injury resulting from the failure of the master to furnish a safe place to work or because of a negligent order given to the servant, the doctrine *res ipsa loquitur* does not apply.

2. MASTER AND SERVANT—*when failure to inspect does not confer cause of action.* If an injury results from a defective condition of the place to which the servant is assigned to work a recovery cannot be had for an injury resulting unless the defect is one which a proper inspection would have disclosed.

3. MASTER AND SERVANT—*when former not obligated to furnish safe place.* The obligation of the master to provide reasonably safe places and structures for his servants to work upon, does not extend to buildings in process of construction while undergoing constant changes and passing successive temporary conditions, many of which must from the very nature of construction be dangerous.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of facts. Opinion filed October 21, 1910.

**Statement by the Court.** David G. Geraghty, plaintiff, had judgment in the Superior Court against the William Grace Company, appellant, and the National Fire Proofing Company jointly, for $5,000 for damages for personal injuries. On June 21, 1907, the plaintiff was employed by the William Grace Company, the general contractor for the erection of the County Court House in Chicago. The National Fire Proofing Company had a subcontract with the William Grace Company to furnish and lay all the tile in the arches forming the foundations of the various floors, and all the tile work of the building.

Appellee was a common laborer employed to tamp concrete which had been placed by the Grace Company on top of the tile arches constructed by the National Fire Proofing

Company. On the afternoon of the day he was injured, plaintiff was directed to go upon the eighth floor of the building, by the foreman of the William Grace Company, and to tamp concrete. In obedience to such order plaintiff took his tamper and went to the floor designated. The gang of men engaged in spreading concrete had the north half of the first arch on that floor covered with the usual layer of concrete. Plaintiff stepped upon the center of the north end of the arch to begin tamping. Before he had done any tamping, according to his testimony, the tile in the north row of tiles suddenly gave way, leaving the balance of the arch standing, and he was precipitated through the opening to the next floor below, falling on a pile of bricks, thereby suffering the injuries complained of. It is contended on behalf of the defendant that the plaintiff had commenced tamping before the tile arch gave way. This arch had stood about a week. All the tile placed in the arch were apparently perfect. The Grace Company exercised no supervision over the work of the fireproofing company and gave no orders to it.

The tiles were set in cement, and the best of tile and cement were used in building the arches, and experienced men were employed. The general foreman of the Grace Company walked over the arch in question in the morning of the day plaintiff was injured, and observed the condition of the arch, which appeared to be good, and it appeared to be ready for the concrete. He saw nothing that indicated any danger.

F. J. CANTY, P. L. McARDLE and R. J. FOLONIE, for appellant.

KICKHAM SCANLAN and LEROY RICHARDS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The doctrine of *res ipsa loquitur,* relied upon by the plaintiff, is not applicable to the facts of this case as against the defendant William Grace Company. The mere happening of the accident in the manner shown by the evidence

raises no presumption that it was caused by the negligence of that company. The burden of proof was upon the plaintiff to show that his employer was negligent as averred in the declaration. That burden was not discharged by mere proof of the accident. Diamond Glue Co. v. Wietzychowski, 227 Ill. 338; Chicago & Northwestern Ry. Co. v. O'Brien, 132 Fed. Rep. 593; Patton v. Texas & P. Ry. Co., 179 U. S. 658; Northern Pacific Ry. Co. v. Dixon, 139 Fed. Rep. 737; Chicago Union T. Co. v. Giese, 229 Ill. 260; National Biscuit Co. v. Wilson, 82 N. E. Rep. 916; Quincy Mining Co. v. Kitts, 42 Mich. 34.

Every count of the declaration avers that the building was in process of erection and that the defendant William Grace Company failed to furnish the plaintiff a reasonably safe place to work. In two of the counts a negligent order to the plaintiff to work in a place in the building known to the defendant to be unsafe is averred in connection therewith.

Plaintiff's injury was clearly due to some weakness or defect in the construction of the arch. What that defect was, whether in defective tile and material used or in bad workmanship, the evidence does not disclose. The evidence does not show that the defendant Grace Company had any knowledge of any defect or weakness in the arch, or ought to have had such knowledge, or that it had neglected any duty to the plaintiff, or violated any duty to him in ordering him to work at a place known by it to be unsafe. The defect in the arch may be inferred from the fact that the row of tiles fell, assuming that the plaintiff had not commenced his work of tamping, and did not break the tiles by tamping upon them; but it does not appear that an inspection of the arch by the defendant would have disclosed the defect or have informed it of the weakness because of which the tiles gave way. Before a court or jury would be justified in saying that defendant's negligence in failing to inspect the arch was the cause of plaintiff's injury, the evidence must show that the fault or defect in the arch was one which a proper inspection would have made known to it. Sack v. Dolese et al., 137 Ill. 129. However, there is no averment of failure to

inspect made in the declaration. The only evidence in the case on this point was offered by the defendant, Grace Company, to the effect that its general foreman went over the arch that morning and saw nothing to indicate danger; that the arch was all clear and ready for concrete. So that upon the assumption of the theory of the declaration contended for by appellee, the evidence fails to show a violation of any duty which the law imposed upon appellant.

We do not think, however, that the obligation of a master to provide reasonably safe places and structures for his servants to work upon, extends to buildings in process of construction while undergoing constant changes and passing successive temporary conditions, many of which must from the very nature of construction be dangerous. Falkeneau v. Ginley, 131 Ill. App. 399; McCain v. Kingsley, 126 *id.* 165; Richardson v. Anglo-American Provision Co., 72 *id.* 77; Village of Montgomery v. Robertson, 229 Ill. 466.

Furthermore, the evidence shows that the National Fire Proofing Company, which constructed the arch in question and furnished the materials therefor, was an independent contractor and the arches were to be turned over to appellant under the inspection of Holabird & Roche, architects for the building, as complete arches so far as the tile work was concerned. We are unable to discover any principle upon which the responsibility of appellant attaches for either the negligence, if any, of the Fire Proofing Company in constructing the arches, or for negligence, if any, in using defective tile. Wittenberg v. Friederichs, 40 N. Y. Supp. 895; Foster v. City of Chicago, 197 Ill. 264. It is, of course, conceded and asssumed that if the negligence of each of these defendants directly concurred in producing the injury complained of, both would be liable, and they would be jointly liable. Consolidated Ice Machine Co. v. Keifer, Admr., 134 Ill. 481. But, as we have stated above, we do not find that the evidence shows any negligence charged in the declaration on the part of appellant.

In this view of the case it is unnecessary for us to consider

or to decide the alleged errors in instructions urged upon our attention.

The judgment as to this appellant must, therefore, be reversed with a finding of facts.

*Reversed with finding of facts.*