John E. Richey, Administrator, Appellee, v. Jerseyville Illuminating Company, Appellant.

1. ELECTRICITY—*liability of electric company for broken wires.* Where a severe wind storm displaced an electric wire on private grounds, which later broke and shortly thereafter caused the death of plaintiff's intestate, a boy four years old, eleven hours intervening between the displacement and the accident, and the company in

the interim had no knowledge of any dangerous condition, its equipment, insulation and operation otherwise being in good condition and the current normal, it is not guilty of negligence.

2. ELECTRICITY—*reasonable diligence in examining wires.* An electric company in the exercise of reasonable diligence is not required to search remote points every day to discover the condition of its wires.

Appeal from the Circuit Court of Jersey county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Reversed with finding of fact. Opinion filed October 15, 1912.

FERNS & SUMNER, for appellant.

EDWARD J. VAUGHN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an appeal from a judgment rendered in the Circuit Court of Jersey County in favor of the appellee administrator and against the appellant company.

The declaration made the appellant and one Anna E. Cross defendants, and contains six counts charging the appellant with negligence in operating and failing to equip its electric light plant with suitable and sufficient appliances, and in negligently permitting same to be and become out of repair, and failing to properly construct its lines and wires, but permitted them to break and lie upon the ground while charged with electricity, for a long space of time, after notice, whereby the appellee's intestate was injured and killed.

Plea of the general issue was filed by appellant, and also by its codefendant, Mrs. Cross. Upon a trial of the cause the verdict of the jury found the appellant company guilty, and Mrs. Cross not guilty. Motion for new trial was made by appellant and overruled, and judgment was entered upon the verdict in the sum of $1,000, being the judgment appealed from.

The record in this case shows that the appellant, on the seventh day of August, 1911, was engaged in op-

erating an electric light plant in the City of Jerseyville, and in furnishing lights to the city and citizens thereof. Among the patrons of the appellant was Mrs. Cross, who owned and occupied property within the limits of said city. Her house was wired for such lights, and the wire was extended from there to her barn, a distance of about seventy-five to one hundred feet.

The record further shows that appellee's intestate was a boy between four and five years of age, whose parents lived about one block from the home of Mrs. Cross, that Mrs. Cross had a large lawn in front of her residence, with croquet grounds thereon; that it was the custom of appellee's intestate and other children to play upon the premises of Mrs. Cross; that on the morning of the seventh day of August, about the hour of four o'clock, a severe wind storm came, and when Mrs. Cross arose that morning she discovered that the electric light wire extending from her residence to the barn had become displaced and was sagging; that later on in the day it was discovered the wire had become separated near the barn and that one piece lay upon the ground near the barn and the other coiled up lying near the rear of the residence; that the deceased, and other children went, as usual, that forenoon to the premises of Mrs. Cross to play; that Mrs. Cross and family were arranging to leave her home for the day, and requested the children to go away, and that they did so, and remained away until sometime in the afternoon, when the appellee's intestate and his sister, with other children, returned, and while they were playing about the yard, the appellee's intestate came in contact with the broken wire, which had remained charged with electricity, and was killed.

There is no evidence of any kind in this record to show that appellant knew of the breaking of the wire or that any dangerous condition existed. But on the contrary, it clearly appears from the evidence of the

superintendent of the appellant, that the first knowledge appellant had of the breaking of the wire was about five o'clock in the afternoon, after the death of appellee's intestate.

The record herein fails to disclose the exact hour on which the wire fell to the ground, but it was shown by the evidence of Mrs. Ida Scroggins that it was upon the ground at about the hour of three o'clock in the afternoon. Mrs. Cross and her family did not return until after the accident.

The evidence further shows that the plant of the appellant was equipped with volt meters and ampmeters, and the evidence of the superintendent shows that there had been no overcharge of current, and that the current on this wire was normal.

All of the witnesses agree in stating that the insulation upon the broken wire leading from the house to the barn was good, except that at the point where it was broken there was one-half to three-fourths inches of wire exposed.

In our view, this case turns upon whether or not the appellant knew of the broken wire, or, by the exercise of reasonable diligence might have known of the defect.

As we have said above, this record shows the appellant had no personal knowledge or notice of the defect, and the time intervening between the breaking of the wire and the accident could not have exceeded eleven hours, and most likely, did not exceed two or three hours.

We are inclined to the opinion that the exercise of the highest degree of care would not require appellants to search the remotest points of their line and wires every day to discover their condition.

The request for the peremptory instruction, made at the close of all the evidence, directing the jury to

find the defendant, appellant here, not guilty, should have been allowed.

For the error indicated, the judgment is reversed.

*Judgment reversed.*

Finding of fact. We find as a fact that the appellant is not guilty of the negligence charged in the declaration.