## Martha E. Hurst, Administratrix of the Estate of Uriel Hurst, Appellee, v. Madison Coal Corporation, Appellant.

1. NEGLIGENCE, § 166*—*how negligence causing death may be proved.* In an action for death, the defendant's negligence, alleged to have been the cause thereof, and the connection between such negligence and the death need not be shown by eyewitnesses, but may be proved by circumstantial evidence.

2. NEGLIGENCE, § 191*—*when question of law.* Negligence and proximate cause are not questions of law unless the evidence leaves no opportunity for two fair minds to differ on what the facts were.

3. MINES AND MINERALS, § 182*—*when negligence and proximate cause questions for jury.* In an action for death of a mule driver in a mine, evidence *held* not so one-sided as to constitute the defendant's negligence and proximate cause of the injury questions of law for the court.

4. MINES AND MINERALS, § 150a*—*when evidence erroneously admitted.* In an action for the death of a mule driver in a mine, caused by his being knocked off his car and run over by it, evidence that a few days thereafter another driver was seen standing on the rear end of his car, instead of on the front end, as was the deceased at the time of the accident, and that the car ran against the mule and bumped him, *held* prejudicial to the defendant as tending to show that riding on the front end of the car was dangerous, and that the effect thereof was emphasized by improper remarks to the jury by the plaintiff's attorney.

5. MINES AND MINERALS, § 191*—*when instruction on duty of mine owner erroneous.* In an action for the death of a mule driver in a mine, an instruction as to the duty of a mine owner to furnish safe mules and cars, *held* erroneous in making no reference to the connection between such failure of duty and the accident.

6. MINES AND MINERALS, § 188*—*when instruction improper as invading province of jury.* An instruction charging that if a mine owner failed to use reasonable care to furnish reasonably safe and sound mules in its mine it was negligent, *held* erroneous as such question was for the jury.

7. MINES AND MINERALS, § 191*—*when instruction on negligence in furnishing unsafe mule for work erroneous.* An instruction permitting a jury to find a mine owner guilty of negligence if it knowingly furnished an unsafe mule for work in its mine, without

*See Illinois Notes Digest, **Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

requiring a finding that such mule was unsafe for the particular purpose for which it was furnished, *held* erroneous.

8. MINES AND MINERALS, § 191*—*when instruction on liability of mine owner for death of servant erroneous.* An instruction permitting the jury to find a mine owner liable for the death of a mule driver in its mine if it furnished unsafe mules for hauling cars in its mine, without requiring them to find that the particular mule furnished the driver was unsafe, *held* erroneous, as it permitted a recovery though the negligence might not have been the proximate cause of the death.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

GRAHAM & GRAHAM, for appellant.

WILLIAM ST. J. WINES, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee's intestate was killed in the coal mine of appellant. He was a mule driver and at the time of his injuries he was engaged in hauling a loaded coal car along a track in which there was a decline. He was last seen before the accident at the top of the decline, standing on the front end of the car behind the mule. When he was found after the accident he was underneath the car, crumpled up with his head beneath the rear axle or boxing, apparently having been run over by the front wheels of the car. He died soon after he was removed from beneath the car, and never made any statement as to how the accident occurred. It is not claimed that any one saw the accident. The evidence shows that he was an experienced driver, and that he was accustomed to be careful for his own safety. There is evidence tending to show that the mule he drove was old and stiff and accustomed to stumble,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the track was rough, the place dark and the spaces between the ties not filled.

Appellant was not operating under the Workman's Compensation Act. Appellee obtained a verdict and judgment for $10,000.

Reversal of this judgment is asked for the assigned reasons that the verdict is manifestly against the weight of the evidence; that there is no evidence of negligence on the part of appellant; that there is no evidence to show that the deceased came to his death as the proximate result of anything done or left undone by appellant; that, in any event, the question of whether there is any connection shown by the evidence between the negligence charged and the injury is one of law for the court; that the damages awarded were excessive; that the conduct of counsel for appellee was such as to prejudice the rights of appellant and that the court gave an erroneous instruction.

It is not always necessary or possible for a plaintiff to show negligence by eyewitnesses or to make the connection between the negligence of a defendant and the injury by persons who saw the transaction. It may be proven by circumstantial evidence. If such evidence is sufficient in the eyes of the law to fairly warrant a finding that it exists a verdict based on it will not be set aside on appeal because it is not supported by positive proof. It is for the jury to determine that fact from the evidence. Negligence or proximate cause are not questions of law, unless the evidence leaves no opportunity for two fair minds to differ on what the facts are. *Brunnworth v. Kerens-Donnewald Coal Co.*, 260 Ill. 202; *Waschow v. Kelly Coal Co.*, 245 Ill. 516.

We do not feel warranted in holding that the facts in this case as disclosed by the evidence are so one-sided as to constitute the question of appellant's negligence, or the question of proximate cause, questions of law for the court.

Hurst v. Madison Coal Corporation, 201 Ill. App. 205.

Our attention is called to two manifest errors in this record. The first is in permitting appellee, over objection, to prove that some days after appellee's decedent was killed, the witness Joseph Danis observed a driver who was using the same mule used by the deceased when he was injured, at the same place; that such driver was standing on the rear of the car instead of on the front where deceased stood, and that the car ran against the mule and bumped him repeatedly. Whether these circumstances were experiments, or what induced this driver to ride behind instead of in front, or whether the car then being used was the same car or loaded in the same way, or the roadbed was in the same condition, there is no proof. In the argument of appellee's attorney to the jury he emphasized this evidence, saying that this new driver "rode the hind end of the car because Hurst had been killed there a few days before," thereby plainly intimating that the new driver thought the place was dangerous. It is impossible to say just what influence this evidence and the argument based upon it had on the jury, but it seems apparent that it must have been prejudicial.

The other fatal error was committed in giving to the jury the first instruction requested by appellee. It was as follows:

"The court instructs the jury with reference to the first count of the declaration that it was the duty of the defendant to use reasonable care to furnish and provide reasonably safe and sound mules for hauling its coal cars in view of the physical conditions of its mine: And in this case, if you believe from a preponderance of the evidence that the defendant failed to perform that duty, as charged in the first count of the declaration, then you may find that such failure, if any, was an act of negligence on the part of the defendant."

By it the jury are told, in substance, that if appellant did not use reasonable care to furnish "reasonably

safe and sound mules for hauling its coal cars'' then the jury could find it guilty of negligence, without any reference being made in the instruction to whether the failure to furnish reasonably safe and sound mules had anything to do with the accident or not. It is further faulty because it advised the jury that such failure to use reasonable care to furnish such reasonably safe and sound mules was negligence, when it was for the jury to determine whether such failure was negligence or not. It was further faulty because it left the jury at liberty to find appellant guilty of negligence if it knowingly furnished a mule that was unsound in some particular that in no way affected its usefulness or safety for the purpose of hauling coal cars. It was further faulty because under this instruction if an unsafe and unsound mule was furnished by appellant to haul coal in the mine on other cars, on other tracks and driven by another driver at another time, it would be proper for the jury to find it guilty of negligence that was the proximate cause of the death of the deceased. It was further faulty because it left the jury to determine what duty the first count in the declaration charged appellant failed to perform.

In cases as close on the facts as this one, it is essential that instructions should correctly state the law.

The judgment of the Circuit Court is reversed and the cause remanded to that court.

*Reversed and remanded.*