(No. 23072.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT HANISCH, Plaintiff in Error.

*Opinion filed October 24, 1935.*

J. E. GOEMBEL, and KNIGHT & LUPTON, for plaintiff in error.

OTTO KERNER, Attorney General, ROBERT E. NASH, State's Attorney, J. J. NEIGER, A. B. LOUISON, and MAX A. WESTON, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant, Robert Hanisch, was convicted in the circuit court of Winnebago county for robbery while armed with a deadly weapon. He sues out this writ of error to reverse the judgment.

About 5:00 o'clock in the afternoon of September 14, 1932, two men entered the Walk-Over Shoe Store, in Rockford, Illinois. They informed the three men who were in

the store at the time that it was a "stick-up" and with drawn weapons ordered them to face the wall. The lights in the store were extinguished, leaving it in semi-darkness. Then the men were taken into the office, where one of the robbers stood guard over them while the other ransacked the store. While this was going on Mrs. Gustafson entered the store. She was immediately confronted by one of the robbers, who forced her to the rear of the store, pushing her down on the floor. About $300 in money was taken. The robbers disappeared. The arrest of the defendant was not made until July, 1934. On the trial he was identified by witnesses Casserly and Rafferty, two of the men who were in the store at the time of the robbery, and also by Mrs. Gustafson. Joseph McDonald, then a prisoner in the Illinois State Penitentiary, was called as a witness. He testified that he and the defendant, Hanisch, committed the robbery. He admitted that he had a feeling of bitter hatred against the defendant because of his belief that the defendant was responsible for the witness' conviction and imprisonment upon another charge. It is apparent from the record that the arrest of the defendant was brought about through information furnished by the witness.

The defense presented was that the defendant was not present at the robbery but was in Chicago at the home of his sister, ninety miles distant from Rockford. The defendant's mother, brother-in-law, two sisters, a brother, and a witness, David Wood, who was not related to the defendant, testified for the defense. The defendant was also a witness. His mother testified that her home was in Wauconda, a village about thirty-seven miles northwest of Chicago; that on the evening of September 13, 1932, she and the defendant drove to the home of the defendant's sister, in Chicago; that they remained there all night and until 10:00 o'clock the next evening and did not arrive at their Wauconda home until an hour and a half later,

and that during the morning of September 14 the defendant washed windows for his sister and in the afternoon he and his brother-in-law repaired the automobile and beat some rugs. David Wood testified that he saw the witness engaged in that labor. The other witnesses testified to having seen the defendant at his sister's home, and that the purpose of the gathering was to arrange a birthday party for the defendant's brother and a nephew on September 17.

The record in this case firmly impresses us with the guilt of the defendant of the crime charged. His identification, although not made until a considerable period after the crime was committed, was positive and convincing. The jury was justified in giving more credence to that testimony than to the doubtful testimony of his interested witnesses.

The assistant State's attorney in his opening statement said he anticipated that the witnesses for the People had looked over a large number of pictures at the detective bureau in Chicago and that they saw a picture there of the two men they believed committed the robbery. An objection was made to this statement and the jury was taken from the room. Counsel for the defense stated the reason for his objection, and the court indicated that it would be sustained. The jury returned, and the court admonished it as follows: "Any statements made here by Mr. Weston about pictures in Chicago, Rafferty and another going to Chicago and looking at pictures is stricken out, gentlemen, and you will give no attention to any statements made by the State's attorney." It is difficult for us to see how this instance could prejudice the defendant. The State's attorney did not say that the picture referred to was a picture of the defendant, but even if it may be inferred that it was, the error was not of sufficient gravity to warrant a reversal. When the witnesses took the stand they made no reference to the picture but based their identification solely upon their visualization of the defendant himself.

Frank Hanisch, one of the alibi witnesses, testified with particularity as to certain dates. When his examination was concluded the court inquired of the witness if he kept a diary, whereupon counsel for the defendant objected and asked that the question be stricken. The court replied that the question had no bearing on the case and it would be stricken. No injury resulted to the defendant by reason of the inquiry of the court. We have never hesitated to condemn expressions of a trial judge which indicate his opinion upon the weight of evidence. Here the judge never assumed the role of a witness or a partisan. Whatever may be the rule in certain other jurisdictions, we firmly adhere to our often-asserted belief that it is the province of the jury, alone, to determine the weight of the evidence and the credibility of witnesses. If it were not so there would be little use for the jury system. The jury, as a fact-finding body, is of such importance that an abridgment of its functions in this regard and an appropriation of them by the judges would mean the forsaking of a valued tradition in our system of jurisprudence. The utmost caution should be exercised not only by the trial courts but by the reviewing courts to uphold the sanctity of the trial by jury.

The court admitted the introduction in evidence of a hotel register which showed that McDonald had registered on September 13, 1932, under the name of McCarthy. Complaint is made of this action of the court, but it is without foundation. The People sought to show that McCarthy and the defendant were in Rockford at that time, and the evidence was in corroboration of that theory of the case and was properly admitted.

It is our belief that the conviction was warranted, and the judgment is accordingly affirmed.

*Judgment affirmed.*