C. D. Martin, Appellant, v. Village of Patoka, Appellee.

October term, 1939. Heard in this court at the Opinion filed March 29, 1940. Rehearing denied May 6, 1940.

CLAUSEN, HIRSH & MILLER, of Chicago, and WHAM & WHAM, of Centralia, for appellant.

WILLIAM A. MILLER, ALFRED S. PFAFF and WARD P. HOLT, all of Salem, and GEORGE P. COUTRAKON, LOUIS F. GILLESPIE and GILLESPIE, BURKE & GILLESPIE, all of Springfield, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal by plaintiff, C. D. Martin, from a judgment of the circuit court of Marion county on a verdict finding the defendant, village of Patoka, not guilty in an action at law instituted by plaintiff against defendant.

On the night of October 2, 1937, and for some time prior thereto, plaintiff owned and operated a general store in the village of Patoka, and defendant operated and maintained its own light and power plant and electrical equipment, through which it supplied its customers, including plaintiff, with electricity. Plaintiff's store building and contents were burned and plaintiff claims that this fire was caused as a result of the defendant's negligence in the operation and maintenance of said electrical plant and equipment. The complaint alleged the plaintiff's due care and charged the village with both specific and general acts of negligence, all of which defendant denied.

All of the evidence relating to the operation and maintenance of defendant's light and power plant and equipment and to the actual occurrence of the fire was produced by the plaintiff. The complaint charged and the evidence showed that the village power plant generated 2,300 volts of electricity, which power went out

over three main transmission lines to various distribution transformers throughout the village. One of these transformers was hung about 10 feet from the ground on two poles located approximately 90 feet from the rear of plaintiff's store. The function of this transformer was to reduce the voltage from 2,300 volts to 110 volts, and the current after having been thus reduced passed from the transformer through feed wires to various consumers in the vicinity. Two feed wires led directly from this transformer to the plaintiff's store.

On the night in question plaintiff closed his store about 9 o'clock. There was no fire in the store at that time. It had commenced raining about 7:30 p. m. and the rain continued intermittently throughout the evening. About 11:30 o'clock p. m. some disturbance occurred at the transformer so located near the rear of the store which caused an electric arc to form at such transformer, so plaintiff's evidence showed, which arc continued for 10 to 15 minutes. About 15 minutes after the arc had ceased it was discovered that the plaintiff's store building was on fire. The store building and a warehouse also owned by plaintiff together with their contents were totally destroyed except for about $200 worth of merchandise. Plaintiff's loss as a result of the fire, as shown by the evidence, amounted to $39,103.98.

Plaintiff, by means of two expert witnesses, E. H. Freeman, professor of electrical engineering at Armour Institute of Technology, and Frank T. Egan, who had been employed by the Illinois Iowa Power and Light Company for a period of 28 years, gave testimony which tended to prove that the fire was caused by the passage of 2,300 volts from the primary to the secondary leads of the transformer without first having been reduced in voltage and thence into the wires of plaintiff's store, which wires ordinarily carried only 110 volts. The wires in such store, according to these witnesses were not insulated for the high voltage and

in their opinion a breakdown occurred somewhere in the wiring system within plaintiff's store causing one or more electric arcs which in turn started the fire. A piece of armored cable and a part of a fuse box were found in the ruins of the Martin store, both of which, according to the witness Freeman, showed signs of high voltage electrical burning as contrasted to burns received from the heat of the fire.

In several residences which were fed through this transformer the lights were burned out and witnesses observed light wires which sparked at about the same time the transformer burned out. A number of radios connected with feed wires from said transformer were "put out of commission" and witnesses testified as to a burning odor coming from the radios. In a creamery which was located about one-half block from the plaintiff's store, and which received current through such transformer, the fuse was burned out and certain wires and the lathes in the ceiling near the wires were charred and burned.

Plaintiff introduced considerable evidence which tended to show that the defendant had failed to exercise ordinary care in the operation and maintenance of its electric plant and equipment. There was testimony showing that the insulators or porcelain bushings on the transformer in question had collected dirt and grease; that one of such bushings was cracked, and that the rubber insulation on the leads close to the bushings was deteriorated and in a rotten condition. There was also evidence tending to show the use of improper fuses on the primary leads of the distribution transformer and a failure to ground the secondary lead. In connection with the plant itself there was testimony to the effect that the plant lacked cut-out fuses and circuit breakers on the leads which carried the current from the plant and that such safety devices are required in accordance with good engineering practice. The evidence of such experts tended to show such conditions might or could have caused the fire.

Defendant relied principally on the expert testimony of one witness, S. J. Sibley, superintendent of municipal electric light and power plant of the city of Springfield, Illinois, who in substance disagreed with the conclusion reached by plaintiff's experts to the effect that the fire was caused by excess voltage entering the wires of plaintiff's store.

A defense witness, Robert Caldwell, testified that he was in charge of the power plant on the night of the fire, and when he observed a disturbance on the voltmeter, pulled his main switch and within five minutes left the plant to go to the plaintiff's store. He further testified that he did not put any more juice through that circuit. This would tend to contradict the witness, Dona Jennings, whose testimony was to the effect that the transformer burned for possibly 10 or 15 minutes.

On the question of plaintiff's due care, in the installation and maintenance of proper electrical wiring, the witness, L. W. Varner testified that his experience in such field was limited to his work as telephone and telegraph lineman in the employ of the Illinois Central Railroad Company, and house wiring of a general nature. His testimony was to the effect that in the installation of the wiring in plaintiff's store, he referred to the underwriters' insurance rules complying with those rules "the best he could."

The testimony of the plaintiff himself was that he did not know the kind of fuses he had in the store and that he had trouble with them burning out prior to the time of the fire.

The question of plaintiff's due care was for the consideration and determination of the jury. *Jones v. Standerfer,* 296 Ill. App. 145, 154; *Blumb v. Getz,* 366 Ill. 273, 277; *Smith v. Courtney,* 281 Ill. App. 530, 535; *Glassman v. Keller,* 291 Ill. App. 262, 269, 270.

Whether the defendant was guilty of the negligence charged in the complaint and whether that negligence proximately caused the injury complained of, was also a question for the jury. *Hurst v. Madison Coal Corp.,*

201 Ill. App. 205, 207; *Brunnworth v. Kerens-Donne-wald Coal Co.*, 260 Ill. 202; *Waschow v. Kelly Coal Co.*, 245 Ill. 516.

It is not the province of this court to substitute its judgment for that of the triers of fact, where there is a conflict of fact and particularly, as in the instant case the cause of the fire, in the opinion of the experts who testified, was based upon conjecture and speculation, and was predicated upon the assumption of certain facts, about the existence of which there was a dispute.

Plaintiff contends that the trial court erred in overruling the motion of plaintiff for a directed verdict at the close of all of the evidence. After a careful consideration of all of the evidence we cannot say as a matter of law there was no evidence tending to show defendant was not negligent as charged. Therefore the trial court did not err in denying such motion, and did not err in denying plaintiff's motion for a judgment notwithstanding the verdict.

The court, at the request of the defendant over the objection of plaintiff, gave to the jury the following instructions:

"You are instructed that with respect to the damages claimed by the plaintiff in this case, that the law requires of him, before he can recover, that he show by the greater weight of the evidence, not only that such damages exist but also that it is the result of the negligence of the defendant as charged in said complaint or some count thereof and does not proximately arise from any other cause.

"The burden is not upon the defendant to show that the alleged injury did not arise from any other cause, but the burden is upon the plaintiff to show by a greater weight of the evidence that such damage exists as a result of the negligence alleged.

"The jury will not understand from this instruction that the Court intends to intimate that the defendant

is liable or that it is not liable to the plaintiff for the alleged injury, or to intimate any opinion on any question of fact in this case.''

Objection is made that the above instruction placed the burden upon the plaintiff to prove not only that his damages were the result of the negligence of the defendant but further that such damages did not proximately arise from any other cause. It is the contention of counsel for plaintiff that the law does not require, in order for plaintiff to recover, that defendant's negligence be the sole cause of his damages, but it is sufficient if such negligence, combined with the negligence of a third person an inevitable accident, or any other circumstances out of the control of the defendant causes his damages.

The instruction as given does no more than advise the jury, that in order for the plaintiff to recover damages, he must prove the negligence of the defendant as charged in the complaint and that plaintiff could not sustain his burden by proof of some other proximate cause thereof. The language used, plainly confines the allowable damages to anything that arises out of the negligence of the defendant, ''as charged in said complaint, or some count thereof.'' When the plaintiff sets out in his complaint the negligent acts of the defendant relied upon as a basis for recovery, he must of necessity establish those negligent acts and cannot recover by reason of negligent acts of the defendant which are not alleged in the complaint, even though the acts proven show the defendant was guilty of some other negligence that caused the injury complained of. *Buckley v. Mandel Bros.*, 333 Ill. 368, 373; *Ebsery v. Chicago City Ry. Co.*, 164 Ill. 518, 523; *Geraghty v. William Grace Co.*, 157 Ill. App. 309, 311.

This instruction was limited to the question of damages, which the jury had no occasion to consider in view of its decision that the plaintiff was not entitled to recover. In the light of its confinement to the ques-

tion of damages it was not probable that the jury was mislead. We are not inclined to hold that the giving of this instruction was error on the part of the trial court.

The trial court also gave the following instruction to the jury on behalf of the defendant over the objection of the plaintiff:

"You are instructed that . . . if you believe from the evidence in this case that the fire at plaintiff's store at the time and place in question was the result of an act beyond the control of the village, or the result of an accident which could not have been foreseen by the defendant village, then in either case you should find the defendant not guilty." This instruction, so plaintiff's counsel contends is erroneous in that it directs a verdict for the defendant if the jury believe that the occurrence was the result of a mere accident, and should contain the further proposition that such accident was not the result of any negligence on the part of the defendant.

Objection is made that the above instruction placed the burden upon the plaintiff to prove, not only that his damages were the result of the negligence of the defendant but further that such damages did not proximately arise from any other cause. It is the contention of counsel that the law does not require in order for the plaintiff to recover that defendant's negligence be the sole cause of his damages but it is sufficient if such negligence, combined with the negligence of a third person, an inevitable accident, or any other circumstances out of the control of the defendant, causes the damage.

It seems to us, that the language of this instruction in substance was approved by the Supreme Court in the case of *Pressley v. Bloomington & Normal Ry. & Light Co.*, 271 Ill. 622, where at p. 633 it was said:

"The first refused instruction stated that plaintiff in error was not an insurer of the safety of wires

nor of the public against accidents, and if they believed the death of Pressley was the result of an accident which could not have been foreseen by plaintiff in error they should find it not guilty. . . . These instructions (referring to the above and additional instructions discussed previously) were proper and should have been given.'' The language of this instruction in the instant case by limiting the instruction to an accident which could not have been foreseen by the defendant, is synonymous with the modification suggested in the case of *Cohen v. Weinstein,* 231 Ill. App. 84, that the words, ''without negligence of the defendant,'' be inserted after the word accident, used in that instruction. The defendant would necessarily be not guilty of negligence if plaintiff's injury resulted from an accident which was not foreseeable. *Richey v. Jerseyville Illuminating Co.,* 176 Ill. App. 495, 498. To limit the instruction to ''an accident which could not have been foreseen by the defendant'' is the same in effect, as limiting it to an accident ''without the negligence of the defendant.'' As a matter of fact we are inclined to believe that the former phrase is a little more specific than the latter, and really defines the more generic phrase, ''without the negligence of the defendant.'' We do not believe that the jury would be mislead by this instruction.

The lower court did not err in giving the above instruction at the request of the defendant, nor in overruling the motion of plaintiff for a new trial, and the judgment of the trial court will be affirmed.

*Affirmed.*