Rosa Lee Cox, Appellee, v. Louis Hrasky et al.,
Appellants.

Opinion filed March 2, 1943.

BEASLEY & ZULLEY, of East St. Louis, for appellants.

BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

Rosa Lee Cox, appellee, hereinafter referred to as plaintiff, brought this action against Louis Hrasky, Genofefa Hrasky, and Alvina Vlcek, appellants, hereinafter referred to as defendants, to recover damages to her means of support, under what is commonly known as the Dram Shop Act.

The suit arises out of the killing of Mose Cox, husband of plaintiff, by one E. C. Hill, which took place in a tavern located on the corner of Third and Winstanley Streets, in East St. Louis, Illinois, on the 30th of January, 1941. The building was owned by defendants Hrasky, and the tavern was being operated by their widowed daughter, Alvina Vlcek, the other defendant. The amended complaint charged that on the date aforesaid, the said E. C. Hill, as a result of then and there drinking alcoholic liquors in the tavern, became intoxicated, and while so intoxicated, and as a consequence of his intoxication shot and killed the husband of plaintiff; that the said assault, shooting and killing of the said Mose Cox was in consequence of the intoxication of the said E. C. Hill, whereby plaintiff was deprived of her means of support. Defendants in their answer denied the charges set forth, in the amended complaint, and in addition thereto filed affirmative defenses, which alleged in substance that Mose Cox had made an assault upon the said Hill and that Hill killed him because he was in a state of fright, and not while under the influence of any intoxicating liquors to which plaintiff filed her reply denying generally such affirmative facts. The case was tried by jury and a verdict of $4,500 was returned and judgment entered on the verdict, from which judgment, defendants prosecute this appeal.

From the facts it appears that on the evening in question Mose Cox and another man went to the Hrasky tavern shortly after E. C. Hill and a party of people had arrived there. It appears that Hill was drinking whiskey on his way there. Mose Cox sat with one group at a table and E. C. Hill with another group. At Hill's table whiskey and soda was ordered, and drank by those there. Some of the witnesses testify to Hill drinking at this time. Hill started to get up from his chair, at the table and as he did so a gun dropped from his pocket to the floor, and as it

did so, Mose Cox who was seated two tables away said in an ordinary tone of voice, in substance, ''What did you drop there? You should be more careful or you will get in trouble.'' With that Hill got up, picked up the gun, saying, ''That's none of your business'' and started shooting. The first shot seems to have been fired into the floor, and other successive shots at Cox. At the time he was shot, Cox had a bottle of beer in his hand; there is some testimony to the effect that he was advancing toward Hill, at that time, but no one testifies as to any threats made by him nor that he held his bottle in any threatening attitude.

Cox was shot several times and fell to the floor. He died there in the tavern. After the shooting Hill backed out of the door with the revolver in his hand, and ran down the alley. He was later apprehended by the police, late that night, in St. Louis.

The statute under which this suit was brought provides in part as follows:

''Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person.'' (Section 14, par. 135 of the Dram Shop Act, Ill. Rev. Stat. 1939, ch. 43, par. 135; Jones Ill. Stats. Ann. 68.042.) It is contended by defendants that plaintiff cannot recover damages in this case because the complained of intoxication of Hill was as matter of law not the proximate cause. By the above statute a cause of action is given to anyone who may be injured in his person or property, or means of support, by any intoxicated person jointly or severally against such person or per-

sons who have caused the intoxication, in whole or in part, of the person who commits the injury. An action is also given to anyone who may in the same manner be injured "in consequence" of the intoxication of anyone, whether habitual or otherwise, against the parties who may cause such intoxication. In the one case it is for the direct injury inflicted by "any intoxicated person" and in the other it is for such damages as may arise "in consequence" of such intoxication. Where an action is brought for an injury inflicted by the affirmative act of an intoxicated person, and is therefore based upon the clause "by any intoxicated person," the courts have held that it is not necessary that the intoxication be the proximate cause of the injury. *King v. Haley,* 86 Ill. 106; *Whitside v. O'Connors,* 162 Ill. App. 108; *Haw v. 1933 Grill, Inc.,* 297 Ill. App. 37; *Martin v. Blackburn,* 312 Ill. App. 549. For the purpose of applying this rule, the injury is regarded as having been inflicted by an intoxicated person, not only where the plaintiff himself was injured by the act of an intoxicated person, or such person killed the plaintiff's means of support, that is, her husband, but also where the loss of support resulted from the suicide during intoxication of plaintiff's husband or father. 15 R. C. L., par. 206, pages 435, 436. Such was the case in *Jack v. Prosperity Globe,* 147 Ill. App. 176, where plaintiff's father had committed suicide, as a result of intoxication and the court there said, "The question of 'proximate cause' in a technical sense, in the sense in which counsel argue it, is not involved in this case. A correct statement of that proposition would be 'That such intoxication caused the death.' The statute provides that one who shall be injured in means of support, in consequence of the intoxication of any person, shall have the right of action provided therein. It is not necessary to a right of action in this class of cases, under the statute, that the intoxication should be

the immediate, direct or proximate cause; it is sufficient if it be the cause, and it is 'no matter whether the jury would consider it a proximate or remote cause.' *Kennedy v. Whittaker,* 81 Ill. App. 605 (608); *Munz v. The People,* 90 Ill. App. 647 (653).''

In the case at bar, whether the death of the husband of plaintiff at the hands of Hill was caused by Hill's intoxication, was a question of fact for the jury, as was the question of whether the intoxication was the result of the serving of liquor by defendants. *Martin v. Blackburn, supra; Jack v. Prosperity Globe, supra.*

It is earnestly contended on behalf of defendants, that E. C. Hill was not intoxicated, at the time he fired the shots that resulted in the death of Mose Cox, and that in that regard the verdict of the jury was contrary to the manifest weight of the evidence. Larmon Cole, testifying on behalf of plaintiff testified that when Hill came into the tavern he was walking funny. ''He was walking reeling and rocking'' and that when he came to the table, he stumbled over the foot of witness. That he was drinking and talking a lot of crazy talk. Witness smelled liquor on his breath. That Hill got up once before the shooting, that is tried to get up and sat back down. He testified categorically, that Hill was drunk. Walter Collins, called as a witness for defendant, testified that Hill had a half pint of liquor with him in the car, on the way to the tavern and was drinking at that time. He further testified that in his judgment Hill was drinking ''pretty heavy'' and was drunk. Several other witnesses testified that Hill was drinking whiskey in the tavern. It was also testified to by one witness, that in leaving the tavern, Hill dropped the gun, and made three attempts to pick it up before he succeeded. The jury would have a right to take into consideration the fact that there appeared to be no reason or provocation for the shooting of Cox by Hill

in determining whether Hill was intoxicated and whether or not that intoxication was the cause of the killing.

For defendant, Louis Hrasky, one of the owners of the building, and one of the defendants, who was waiting on the tables testified that Hill was sober. Edgar Sherrod and Sedell Mosley, police officers, both testified that Hill was sober at the time they saw him, but this was about 11:30 or 12 o'clock that night, and the shooting took place a little after 6. John McKeta testified that he saw him about 9:30 that night, and he was sober. Willie Wade testified that he did not seem to be drunk, but that he only saw him, as he came out of the tavern door and ran down the alley. Asaroe March testified that he did not know if Hill was drinking in the tavern, and that he "didn't seem to me so much like he was drunk" but admitted that he had testified in another proceeding two months after the shooting when his recollection was better than at this trial, that Hill was drunk. The evidence in the record being conflicting, these controverted questions of fact are settled by the verdict of the jury. *Goad v. Obernagel,* 302 Ill. App. 370; *People v. Hanisch,* 361 Ill. 465; *Jones v. Esenberg,* 299 Ill. App. 551; *Carroll v. Krause,* 295 Ill. App. 552. We are not inclined to hold that the verdict herein was against the manifest weight of the evidence.

It is complained of, and assigned as error that the court erred in permitting plaintiff's witness, Larmon Cole to testify that Hill was drunk. We find no error herein, particularly, as the witness had already described the actions of Hill, as tending to show his intoxication at that time. Whether a person is drunk or sober, are facts patent to the observation of all. *Dimick v. Downs,* 82 Ill. 570. It is also urged that the court erred in permitting the witness George B. Smith to testify to the earnings of Mose Cox, as determined from an examination of voluminous records

in the office of the Hunter Packing Company, by whom deceased was employed in his lifetime. Objection was made that this was not the best evidence. While it was assigned as error relied upon for reversal, that the damages were excessive, this question was not argued in defendants' brief. Where no argument is addressed to an assignment of error, it will not be considered. *Allen v. McGill,* 311 Ill. 170; *Goff v. Gerhart,* 316 Ill. 513; *People v. Cobb,* 343 Ill. 78; *People v. Rongetti,* 344 Ill. 278. Inasmuch as this evidence went only to the matter of damages, and not to that of liability, this would not work a reversal, because, errors therein, if any, are harmless. *Reisch v. People,* 130 Ill. App. 164, aff'd 229 Ill. 574; *Semrau v. Calumet & S. C. R. Co.,* 185 Ill. App. 203. We do not find it necessary therefore to discuss the above error relied upon for reversal.

Complaint is made of all three instructions requested by plaintiff and given by the court. Number one is in the language of the statute pertaining to the Dram Shop Act, ending by stating the liability to be ''for all damages sustained.'' Criticism is made that it contains no reference to any evidence in the case, and did not require proof of any fact that would create a liability. However, considering the instructions as a series, defendants' second instruction told the jury that the plaintiff must prove, by a preponderance or greater weight of the evidence that the intoxication of Hill resulted in whole or in part from drinking liquors which it is alleged he obtained from defendants. Plaintiff's third instruction told the jury that the damages plaintiff would be entitled to recover were limited to the pecuniary loss, if any, to plaintiff, by reason of the death of her husband. Considering the instructions as a series, it would seem as if the jury were properly instructed. All of the instructions given by the trial court, those for plaintiff and those for defendant should be considered together and if, when so considered they fairly state the law of the

case, they are sufficient and omissions of one party's instructions may be cured by the instructions given by the other. *Suehr v. Sanitary Dist. of Chicago*, 242 Ill. 496; *Moore v. Aurora, E. & C. R. Co.*, 246 Ill. 56; *Bobalek v. Atlass*, 315 Ill. App. 514; *Shekerjian v. Shekerjian*, 346 Ill. 101; *Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207; *Hale v. Hale*, 169 Ill. App. 272.

Plaintiff's second instruction is criticized on the ground that it is a mere abstract definition of "alcoholic liquor" as set forth in the first sentence of the instruction, while the last sentence defined the word "spirits," and further that the instruction had no place in the case as there was no evidence of which it was applicable. There is evidence to the effect that the party at the table, of which Hill was one, drank highballs, of whiskey and soda, which would constitute a blending or mixture described in this instruction and contemplated by the statute. The instruction is in the language of the statute, and such instruction, when pertinent to the issues, is proper. *Mt. Olive & Staunton Coal Co. v. Rademacher*, 190 Ill. 538; *Selman v. Midwest Haulers, Inc.*, 309 Ill. App. 154, 160; *Deming v. City of Chicago*, 321 Ill. 341; *Minnis v. Friend*, 360 Ill. 328.

Plaintiff's third instruction is criticized as permitting the jury to make a finding in favor of plaintiff without any reference to the evidence. This, we believe, was cured by plaintiff's instruction number three being considered as a series, with defendants' instructions 1, 2, 3, and 4, which told the jury what it was necessary to prove in order for plaintiff to recover.

We do not find in the record any error warranting this court in reversing the judgment of the trial court, and the judgment of the city court of East St. Louis will be affirmed.

*Affirmed.*