James R. Meyer, Robert Holman, and Eugene Holman, Plaintiffs-Appellees, v. John Franklin Williams, and Everett G. Miles, individually and d/b/a George and John's Corrall, Defendants-Appellants.

Gen. No. 11,096.

Second District, Second Division.

December 30, 1957.

Released for publication January 17, 1958.

514

Maynard & Maynard, of Rockford, for appellant.

B. P. Reese, Jr., Williams, McCarthy & Kinley, and Frank P. North, all of Rockford, for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal by the defendants from jury verdicts and judgments entered thereon in favor of the three plaintiffs. The verdict and judgment for James R. Meyer is in the sum of $7,500, for Robert Holman

in the sum of $15,000 and for Eugene Holman in the sum of $10,000. This action was brought under the Illinois Dramshop Act (An Act Relating to Alcoholic Liquors, Illinois Revised Statutes 1949, Chapter 43, Section 135) for personal injuries sustained by the plaintiffs in an automobile collision in Winnebago County on August 5, 1955, when the car in which plaintiffs were riding was struck by a car driven by Lee Eugene Morefield. The collision allegedly occurred as a result of the intoxication of Lee Eugene Morefield from intoxicating liquors consumed by him which were alleged to have been purchased from the defendants.

Defendants, on appeal in this court, have made four assignments of error: First, that the trial court erred in excluding certain cross-examination by defendants of plaintiffs' witness Tillman in connection with the pendency of another dramshop action by the wife of this witness against the same defendants, arising out of the same occurrence. Second, that the trial court erred in denying defendants offer of proof of the records of the clerk of the Circuit Court of Winnebago county, Illinois, showing the pendency of another dramshop suit in the same court, brought by the wife of the plaintiffs' witness Tillman arising out of the same occurrence. Third, that the trial court erred in giving plaintiffs' tendered instructions No. 4 and No. 13. Fourth, that the verdicts are against the manifest weight of the evidence.

Milton F. Tillman, the only passenger in the automobile driven by Lee Eugene Morefield, testified concerning the purchase of intoxicating liquor from the defendants, the consumption of it and the resulting intoxication of Morefield. Lee Eugene Morefield died of injuries received in the collision a short time thereafter. The defendants contend that the trial court erred in not permitting them to cross-examine the

516

witness Tillman on the subject of the pendency of another dramshop suit by his wife for loss of her means of support against the same defendants arising out of the same occurrence.

■ We are aware of the rule urged by the defendants that a wide latitude is allowed in the cross-examination of a witness to show motive, interest, bias and prejudice. It is noted from the record before us that the trial court did indeed allow the defendants a wide range and latitude in cross-examination of this particular witness. The direct and re-direct examination of this witness occupies twenty-two pages of the record and the cross-examination, re-cross-examination, and additional cross-examination occupies thirty-five pages. As an example of the latitude allowed in cross-examination of this witness by the defendants, it is noted that the defendants were permitted on cross-examination to ask if this witness's drivers license had been revoked and inquired concerning statements made by him while in jail. In our opinion such cross-examination would only serve the purpose of embarrassing and discrediting the witness. Wide latitude of cross-examination was taken into consideration in the case of People v. Jorczak, 366 Ill. 507, 514, 9 N.E.2d 227, 231, wherein it was stated: "Considerable latitude appears to have been allowed in the cross-examination. . . The latitude to be allowed in the cross-examination of witnesses rests largely in the discretion of the trial court. . ."

■ It has been held many times that the trial court has broad discretion in controlling the scope of cross-examination and a case will be reversed only if such discretion has been clearly abused and the abuse materially affected the results of the trial. Brennen v. Chicago & Carterville Coal Co., 241 Ill. 610, 89 N. E. 756. This court recently restated this rule in Green v. Keenan, 10 Ill.App.2d 53, 61, 134 N.E.2d 115, 119,

wherein it was stated: "The scope of cross-examination is largely within the discretion of the trial court. It should be kept within fair and reasonable limits, and the court has a discretion in the conduct of the trial for that purpose."

We fail to see how the rights of these defendants were prejudiced by refusing to permit the witness Tillman to be cross-examined about another dramshop case which was pending against them, especially when Tillman had no interest in such suit. Anything that Tillman's wife might recover in another suit against the defendants would not in any way benefit witness Tillman because there would be no obligation on her part to share any possible recovery with him, and further he was obligated under the law to support his wife regardless of the outcome of such suit. We are unable to say that there was any abuse of discretion by the trial court in limiting the cross-examination of witness Tillman that materially affected the results of the trial or such that constituted reversible error.

As to the second contention advanced by the defendants, we conclude that there was no reversible error committed by the trial court in not permitting defendants to introduce in evidence the court files concerning the pendency of another dramshop suit by the wife of witness Tillman against these defendants for the reason that he is not a party to that suit and has no such interest in the outcome thereof that would have affected his credibility to the extent of influencing the verdict of the jury.

Defendants' third contention is that the trial court erred in giving plaintiffs' instructions No. 13 and No. 4. Plaintiffs' given instruction No. 13 is as follows:

"The court instructs the jury that if you believe that any witness in this case has knowingly and wilfully testified falsely to any matter material to the issues of the case as elsewhere defined in these instruc-

518

tions, then you are at liberty to disregard such portions of the testimony of such witness as has not been corroborated by other creditable evidence or by facts and circumstances proven on the trial.

"If you find from the evidence that any witness testifying in the case has been corroborated by credible evidence, then you are not at liberty to disregard entirely the testimony of any witness who has been so corroborated."

In considering this assignment of error we must also consider instruction No. 7 given at the request of the defendants, which is as follows:

"The court instructs the jury that if you believe from the evidence that any witness in this case has knowingly and wilfully sworn falsely on this trial to any matter material to the issues in this case, as elsewhere defined in these instructions, then you are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated—if you find it has been corroborated—by other credible evidence or by facts and circumstances proved on the trial."

██ There is no discernible difference between the first paragraph of plaintiffs' instruction No. 13 and defendants' instruction No. 7. The record discloses that at the conference held by the trial court on jury instructions the defendants' only objection to plaintiffs' instruction No. 13 was that it was argumentative. It was conceded by defendants that plaintiffs' instruction No. 13 stated the same proposition of law as defendants' instruction No. 7, the difference being only in the language used. Defendants now argue that the second paragraph of plaintiffs' instruction No. 13 told the jury that if any witness had been corroborated by credible evidence on any facts, then they were not at liberty to disregard entirely the testimony of such witness. Defendants object to the words,

"then you are not at liberty to disregard," contending such language is directory. These two instructions apply with equal force to all witnesses in this case and counsel admit that the credibility of witnesses for both plaintiffs and defendants were in question. When this instruction is read as a whole and considered with defendants' given instruction No. 7, we do not believe that the jury was misled or that the outcome of this trial would have been any different had this instruction not been given. Unquestionably, plaintiffs' instruction No. 13 could be phrased in clearer language and we do not approve of this instruction but do not believe the court committed reversible error by giving it. The goal of perfection in writing instructions is not always reached and absolute accuracy is a thing seldom attained. "The proper approach in considering instructions is not whether each individual instruction is mechanically correct so as not to be subject to some technical objection, but whether or not the instructions when considered as a whole were sufficiently clear so as not to mislead the jury." Hulke v. International Mfg. Co., 14 Ill.App.2d 5, 52, 142 N.E.2d 717, 742.

It is contended that plaintiffs' given instruction No. 4 is abstract in form, has no relation to the issues and does not inform the jury concerning the elements of proof required by law to entitle one to recover. Plaintiffs' instruction No. 4 is as follows:

"The law provides, in substance, that every person who shall be injured in person or in property by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action against any person or persons, who shall, by selling alcoholic liquor, have caused the intoxication, in whole or in part, of such intoxicated persons."

■■ An instruction which merely states some abstract principle, sharply and unduly emphasizing some general right, which is not directly in issue, is errone-

ous, Cloudman v. Beffa, 7 Ill.App.2d 276, 129 N.E.2d 286. While we agree that this instruction is abstract in form and do not approve it as an ideal instruction, we do not believe the jury was misled by it, particularly in view of defendants' given instruction No. 12. Defendants' instruction No. 12 set forth in detail all of the necessary elements to be proved under the provisions of the Dramshop Act by the plaintiffs to enable them to recover.

Defendants cite a number of cases where the giving of an instruction in abstract form quoting at length from a statute or setting it out haec verba has been disapproved and in some instances held reversible error. These cases deal primarily with the problem of including portions of a statute which have no possible application to the case and contain prejudicial portions of a statute inapplicable to the issues. In Confrey v. Stark, 73 Ill. 187, the court found the instruction would permit the recovery of punitive damages in the absence of actual damages to the person, property or means of support which was contrary to law. In Hapenny v. Huffman, 184 Ill. App. 351, the instruction would have allowed a recovery for all damages while under the law the plaintiff was limited only to damages for loss of means of support. In Jackson v. Hursey, 1 Ill.App.2d 598, 118 N.E.2d 348, an instruction set out in haec verba the entire section relating to the Dramshop Act and the court stated that more than one half of the instruction had no possible application to the issues in the case and would tend to confuse the jury.

We find no such reversible error in the giving of plaintiffs' instruction No. 4. There is nothing contained therein that would not apply to the issues in this case. Considering this particular instruction with defendants' instruction No. 12, it cannot be said the jury was misled. This same type of instruction and

situation was presented in Cox v. Hrasky, 318 Ill. App. 287, 294, 295, 47 N.E.2d 728, 732, and what was stated by the court then applies with equal force here: "Considering the instructions as a series, it would seem as if the jury were properly instructed. All of the instructions given by the trial court, those for plaintiff and those for defendant should be considered together and if, when so considered they fairly state the law of the case, they are sufficient and omissions of one party's instructions may be cured by the instructions given by the other." Considering all of the given instructions in the record before us, we are of the opinion that the jury was fairly, fully and comprehensively informed of the law to govern them in their deliberations of this case.

As to defendants fourth and last contention that the verdicts are against the manifest weight of the evidence, the record before us and the briefs and arguments of both plaintiffs and defendants clearly disclose that Lee Eugene Morefield was intoxicated at and immediately before the collision, that he was present in the tavern of the defendants on the evening in question, that the collision and resulting injuries were caused by the intoxication of Lee Eugene Morefield, that the plaintiffs did not contribute in any respect to cause the collision and the resulting injuries, and that the plaintiffs were seriously injured. The defendants only argue that the verdicts are against the manifest weight of the evidence as to the sale of alcoholic liquor by the defendants to the said Lee Eugene Morefield and the consumption of such alcoholic liquor by him.

The evidence on the sale and consumption of intoxicating liquor was conflicting and contradictory, and it would not aid in the determination of this cause to set out such testimony and evidence. The jury had the opportunity to observe and hear the wit-

nesses testify and where disputed questions of fact are submitted to the jury and the jury passes upon them, the finding of the jury on questions of fact will not be disturbed by the reviewing court unless such finding is palpably erroneous. It is not the province of the court to substitute its judgment for that of the triers of fact, where there is a conflict in the evidence. Martin v. Village of Patoka, 305 Ill. App. 51, 27 N.E.2d 866; Griggas v. Clauson, 6 Ill.App.2d 412, 128 N.E.2d 363.

In People v. Hanisch, 361 Ill. 465, 468, 198 N. E. 220, 221, the court said:

"Whatever may be the rule in certain other jurisdictions, we firmly adhere to our often-asserted belief that it is the province of the jury, alone, to determine the weight of the evidence and the credibility of witnesses. If it were not so there would be little use for the jury system. The jury, as a fact-finding body, is of such importance that an abridgement of its functions in this regard and an appropriation of them by the judges would mean the forsaking of a valued tradition in our system of jurisprudence. The utmost caution should be exercised not only by the trial courts but by the reviewing courts to uphold the sanctity of the trial by jury."

It is our conclusion that the jury verdicts are not manifestly against the weight of the evidence, and under such circumstances, this court would not be justified in disturbing such verdicts.

We find no reversible error in the record before us and accordingly the judgments are affirmed.

Affirmed.

CROW, P. J. and SOLFISBURG, J., concur.